## A90A2035. FOSKEY v. FOSTER.
(404 SE2d 303)

BIRDSONG, Presiding Judge.

The question in this appeal is whether, prior to the amendment of the "expert affidavit requirement" statute involving medical malpractice cases (OCGA § 9-11-9.1 (e), (f); Ga. L. 1989, p. 419, § 3), a plaintiff could simply file a "renewal" of a medical malpractice suit by permission of OCGA § 9-2-61 which permits "renewal" of dismissed lawsuits when refiled within six months of the dismissal.

Plaintiff first filed a malpractice complaint against a physician and the medical center where the physician worked, and attached an expert's affidavit with regard to the actions of the physician. When plaintiff discovered appellee was the actual medical center defendant, he transferred the complaint to Laurens County which is the jurisdiction of appellee, but failed to attach any expert affidavit to this refiled (transferred) complaint. When appellee filed a motion to dismiss for failure to attach an expert's affidavit, the trial court granted a dismissal without prejudice upon plaintiff's own motion. Upon the attempted "renewal" of the suit by plaintiff, the trial court granted appellee's motion for summary judgment. Plaintiff appeals. *Held:*

Amended paragraphs (e) and (f) of OCGA § 9-11-9.1 provide that the failure to attach an expert affidavit in a professional malpractice case renders the complaint subject to dismissal and is a defect which cannot be amended except where the failure to attach the complaint "was the result of a mistake," and unless such failure was "the result of a mistake," such complaint shall not be subject to the renewal provisions of OCGA § 9-2-61 after the applicable period of limitation. Even prior to the effective date of this enactment, the Supreme Court held in *St. Joseph's Hosp. v. Nease*, 259 Ga. 153 (377 SE2d 847) that the failure to attach an expert affidavit was *not* a nonamendable defect in the circumstances of that case where plaintiffs had an expert affidavit which defendants had notice of in a prior filing and plaintiffs' failure to attach an affidavit was merely a matter of "neglect." The court also said: "Under the statute, failure *to obtain* the affidavit might be a fatal defect. Failure *to file it with the complaint* is an amendable defect because 'Is not the chief object of amendment the correction of mistakes?' [Cit.]" (Emphasis supplied.) Id. at 155; see

also fn. 3, reconciling but not overruling prior decisions to this discriminating statement.

We conclude that the intent of the statute as it existed at the time of this suit was the same as the legislature has now provided in paragraphs (e) and (f), which is (except as provided in paragraph (b)) to cause the dismissal of a malpractice suit where an expert affidavit was not filed, *unless* such an affidavit had been obtained and the plaintiff by mistake or neglect merely failed *"to file it."* See *St. Joseph's Hosp.*, supra. The renewal statute is available only where the original action was a "valid suit" (see *Hornsby v. Hancock*, 165 Ga. App. 543 (301 SE2d 900)); if a complaint is dismissed for a defect that is nonamendable, there is no "valid suit" to be renewed.

We cannot conclude there is no evidentiary support for the trial court's finding that the record was "lacking any evidence" that plaintiff's failure to file its expert affidavit in the transferred case where he first added appellants as defendants, was a mistake.

In any case, even if we were to consider that an affidavit was "obtained" but by mistake was simply not *"filed,"* the trial court correctly ruled that the affidavit which plaintiff had attached to the original complaint refers only to the physician and asserts no expert opinion as to negligence of the appellee.

Accordingly, the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED MARCH 1, 1991 —
REHEARING DENIED MARCH 19, 1991 — 

*Nathan B. Deaton, David B. Pittman, Charles E. Cardin*, for appellant.

*Jones, Cork & Miller, C. Ashley Royal, Thomas W. Joyce*, for appellee.