A91A0942. AUSTIN et al. v. GREENBERG FARROW ARCHITECTS et al.
(411 SE2d 346)

COOPER, Judge.

On July 2, 1987, Nicky Austin was injured when a roof collapsed on a construction project where he was working. On June 29, 1989, three days before the expiration of the statute of limitation, appellants, Nicky Austin and his wife, filed a professional malpractice complaint against appellees, an engineering firm and an architectural firm, seeking to recover for personal injuries and loss of consortium. Appellants did not file with their complaint, or 45 days thereafter, an affidavit of an expert as required by OCGA § 9-11-9.1. Appellees raised this defect in their first responsive pleading and filed motions to dismiss the complaint. Thereafter, on September 7, 1989, appellants voluntarily dismissed their complaint. On March 6, 1990, appellants filed a renewed complaint pursuant to OCGA § 9-2-61, this time

attaching the affidavits of two experts, dated March 2, 1990 and March 6, 1990, respectively. In their first responsive pleading, appellees again raised the affidavit defect and again filed motions to dismiss the complaint on the grounds that appellants were not allowed to refile under the renewal statute due to the initial failure to file the expert affidavits, and therefore the complaint was barred by the statute of limitation. The trial court converted the motions to dismiss into motions for summary judgment and granted summary judgment to appellees.

Appellants contend in two related enumerations of error that the trial court erred in granting summary judgment to appellees because the second complaint filed was a proper renewal of a prior complaint and because the renewed complaint satisfied the pleading requirements of OCGA § 9-11-9.1. We disagree with appellants' first contention and affirm on the grounds that under the circumstances presented, appellants were not entitled to invoke the renewal statute to avoid the running of the statute of limitation. This case is controlled by *Foskey v. Foster*, 199 Ga. App. 205 (404 SE2d 303) (1991), in which we considered the question of "whether, prior to the amendment of the 'expert affidavit requirement' statute . . . (OCGA § 9-11-9.1 (e), (f) . . . ), a plaintiff could simply file a 'renewal' of a . . . malpractice suit by permission of OCGA § 9-2-61. . . ." Id. at 205. OCGA § 9-11-9.1 was amended, effective July 1, 1989 (after the date appellants filed their initial complaint), to add paragraph (f) which provides that a professional malpractice complaint shall not be subject to renewal after the expiration of the statute of limitation if the expert affidavit was not filed with the complaint and if the defendant raises such failure in its initial responsive pleading "unless a court determines that the plaintiff had the requisite affidavit available prior to filing the complaint and the failure to file the affidavit was the result of a mistake." "Even prior to the effective date of this enactment, the Supreme Court held in *St. Joseph's Hosp. v. Nease*, 259 Ga. 153 (377 SE2d 847) (1989), that the failure to attach an expert affidavit was *not* a nonamendable defect in the circumstances of that case where plaintiffs had an expert affidavit which defendants had notice of in a prior filing and plaintiffs' failure to attach an affidavit was merely a matter of 'neglect.' " *Foskey*, supra at 205. We concluded in *Foskey* that "the intent of the statute as it existed at the time of this suit was the same as the legislature has now provided in paragraphs (e) and (f), which is . . . to cause the dismissal of a malpractice suit where an expert affidavit was not filed, *unless* such an affidavit had been obtained and the plaintiff by mistake or neglect merely failed '*to file it.*' [Cit.]" Id. at 206. In *Nease*, supra, cited by this court in *Foskey*, the court distinguished between a failure to file an expert affidavit out of mistake or neglect, which is an amendable

defect, and failure to obtain the affidavit at the time of filing, which the court speculated may be a fatal defect. It is clear from the record in the case sub judice that appellants did not have the requisite affidavits at the time they filed the initial complaint; the affidavits ultimately filed were dated well after the dismissal of the first complaint. There is no evidence that the failure to file the affidavits with the first complaint was the result of mistake or neglect. In the recent case of *Jones v. Bates*, 261 Ga. 240 (403 SE2d 804) (1991), the initial complaint was filed prior to the effective date of the amendments to OCGA § 9-11-9.1. No affidavit was filed with the complaint and the complaint was voluntarily dismissed and refiled after the effective date of the amendments. The Supreme Court held that "[u]nder [*Nease*, supra], Jones could renew this malpractice count only if it were shown that the required affidavit existed at the time of the original suit but was omitted from it by mistake. Accord OCGA § 9-11-9.1 (f)." Id. at 241. In *Patterson v. Douglas Women's Center*, 258 Ga. 803 (374 SE2d 737) (1989), cited by appellants, the complaint asserted that the affidavit was attached although it was not. Therefore, *Patterson* is consistent with the distinction espoused in *Nease* and does not support appellants' contention that renewal is available even when the affidavit had not been obtained at the time of the first complaint. See *Nease*, supra at 155, n. 3. Since appellants had not obtained the affidavits when they filed their initial complaint, they were not entitled to renew the complaint after the expiration of the statute of limitation pursuant to the authority of *Nease, Foskey* and *Jones*.

Due to our conclusion herein, it is unnecessary to determine if OCGA § 9-11-9.1 (f) applies retroactively to this case.

*Judgment affirmed. Birdsong, P. J., and Pope, J., concur.*

DECIDED OCTOBER 9, 1991.

*Agnew & Schlam, G. Michael Agnew, Paul E. Schlam, Kelley, Denney, Pease & Allison, John W. Denney, Bradford C. Dodds*, for appellants.

*Webb & Daniel, Keith Wiener, Gary R. McCain, Linda K. Thompson, Greenfield, Ellis & Bost, John W. Greenfield, Fortson & White, Bruce H. Beerman, Long, Weinberg, Ansley & Wheeler, Alan L. Newman, Swift, Currie, McGhee & Hiers, James T. McDonald, Jr.*, for appellees.