A92A1945. LYBERGER et al. v. ROBINSON et al.
(429 SE2d 324)

COOPER, Judge.

Appellants, purchasers of certain real property, brought this action against appellees Pamela S. Robinson and Aiken & Ward, attorneys, for professional negligence in connection with the sale of said real property. Appellees filed a motion for summary judgment which the trial court granted on the ground that no attorney-client relationship existed between the parties. This appeal followed. Although appellants enumerate as error the trial court's ruling as to the absence of an attorney-client relationship, we will first address appellees' argument raised in their motion for summary judgment and on appeal that appellant's complaint is barred by their failure to comply with OCGA § 9-11-9.1.

The sale at issue closed on March 29, 1988, and appellants filed their initial complaint against appellees for professional negligence on December 20, 1988, but did not file with the complaint an affidavit of an expert as required by OCGA § 9-11-9.1. Appellees raised this defect as an affirmative defense in their initial responsive pleading. On March 13, 1989, appellants amended the complaint but still failed to attach an expert's affidavit. Thereafter appellants voluntarily dismissed the complaint. On March 23, 1990, appellants re-filed the complaint, yet again, without the requisite expert affidavit, and appellees again asserted appellants' failure as an affirmative defense. On June 12, 1990, appellants amended the second complaint and attached the affidavit of an expert dated June 12, 1990. (Although this pleading does not appear in the appellate record, it is referenced in appellees' recitation of the facts.) However, on September 27, 1990, appellants moved to voluntarily dismiss the second action. Finally, on March 21, 1991, appellants filed a third complaint, this time attaching the June 12, 1990 affidavit. In their responsive pleading, appellees averred that the complaint should be dismissed based on appellants' failure to support the complaint and substantially similar complaints with affidavits pursuant to OCGA § 9-11-9.1. In their motion for summary judgment, appellees argued further that the failure to file an expert's affidavit represented a nonamendable defect which precluded the third action.

"Amended paragraphs (e) and (f) of OCGA § 9-11-9.1 provide that the failure to attach an expert affidavit in a professional malpractice case renders the complaint subject to dismissal and is a defect which cannot be amended except where the failure to attach the

[affidavit] 'was the result of a mistake,' and unless such failure was 'the result of a mistake,' such complaint shall not be subject to the renewal provisions of OCGA § 9-2-61 after the applicable period of limitation." *Foskey v. Foster*, 199 Ga. App. 205 (404 SE2d 303) (1991). "The renewal statute is available only where the original action was a 'valid suit' [cit.]; if a complaint is dismissed for a defect that is nonamendable, there is no 'valid suit' to be renewed." Id. at 206. In the instant case, appellants did not have an expert's affidavit when the initial complaint was filed. The affidavit, first filed with the amended complaint in the second action, was dated after the expiration of the statute of limitation. There is no evidence that the failure to file the affidavit with the initial complaint was the result of a mistake or neglect, and appellees raised this defect in each of their initial responsive pleadings. See OCGA § 9-11-9.1 (f). Therefore, appellants were not entitled to renew the complaint after the expiration of the statute of limitation. Accord *Austin v. Greenberg Farrow Architects*, 201 Ga. App. 448 (411 SE2d 346) (1991).

Based on the foregoing, we need not address the question of the existence of an attorney-client relationship, even though the trial court granted appellees' motion on that ground. A judgment right for any reason must be affirmed. *Dunwoody-Woodlands Condo. Assn. v. Hedquist*, 199 Ga. App. 91 (2) (403 SE2d 893) (1991).

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 16, 1993.

*Charles J. Durrance*, for appellants.

*Arnall, Golden & Gregory, Karen B. Bragman, B. Ida Patterson*, for appellees.