A94A1047. TRUCANO v. ROSENBERG et al.
(450 SE2d 216)

BLACKBURN, Judge.

Gene B. Trucano appeals the trial court's order granting defendants' motion for summary judgment. Trucano filed the underlying action seeking damages for the alleged dental malpractice of Charles M. Rosenberg, D.D.S. and Darrell J. Gilbert, D.D.S.

In Trucano's original complaint she properly invoked the provisions of OCGA § 9-11-9.1 (b)[1] as it was filed within ten days of the expiration of the applicable statute of limitation. However, instead of filing the expert affidavit within the 45 days allowed under OCGA § 9-11-9.1 (b) or a motion to extend this time limit, Trucano dismissed her complaint without prejudice. Thereafter, within six months of this dismissal, Trucano refiled her complaint pursuant to OCGA § 9-2-61 (a).[2] Trucano's refiled complaint was accompanied by

---

[1] OCGA § 9-11-9.1 (b) provides: "The contemporaneous filing requirement of subsection (a) of this Code section shall not apply to any case in which the period of limitation will expire within ten days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared. In such cases, the plaintiff shall have 45 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause extend such time as it shall determine justice requires."

[2] OCGA § 9-2-61 (a) provides: "When any case has been commenced in either a state or federal court within the applicable statute of limitations and the plaintiff discontinues or dismisses the same, it may be recommenced in a court of this state . . . either within the

an expert affidavit supporting her claims for dental malpractice.

Trucano contends that as OCGA § 9-11-9.1 (b) provides an absolute right to amend her original action for 45 days, her original complaint did not contain a non-amendable defect and she was allowed to dismiss and refile it pursuant to OCGA § 9-2-61 (a). The defendants argue that as Trucano never filed an affidavit on her original complaint, it was not a valid suit and the renewal provisions contained in OCGA § 9-2-61 (a) do not apply. We agree.

In *Brake v. Mintz*, 193 Ga. App. 662, 667 (388 SE2d 715) (1989), we noted "that because appellants did not have an expert's affidavit at the time they filed their complaint, nor did they supplement their pleadings with such an affidavit within 45 days thereafter under OCGA § 9-11-9.1 (b), . . . it follows that although appellants' expert's affidavit was [eventually filed], there was no 'amendable defect' " which would allow an amendment pursuant to OCGA § 9-11-15 (a). The present case is analogous. We cannot allow the filing of the expert's affidavit outside the provisions of OCGA § 9-11-9.1 (b) pursuant to OCGA § 9-2-61 when same cannot be accomplished pursuant to OCGA § 9-11-15 (a). Id.

Failure to file an expert affidavit with the complaint as required by OCGA § 9-11-9.1 is a non-amendable defect foreclosing the use of OCGA § 9-2-61, unless the court determines that the affidavit was available prior to the filing of the complaint and that the failure to timely file it was the result of a mistake. OCGA § 9-11-9.1 (f); *Lyberger v. Robinson*, 207 Ga. App. 845 (429 SE2d 324) (1993). The legislature did not exclude complaints filed under subsection (b) from the requirements of subsection (f) of OCGA § 9-11-9.1. The legislature's express exclusion of the mandates of subsection (e) from application to complaints filed pursuant to subsection (b) clearly indicates the legislature's intent that subsection (f) apply equally to complaints filed pursuant to OCGA § 9-11-9.1 (a) and (b). Compare OCGA § 9-11-9.1 (e) with OCGA § 9-11-9.1 (f). Therefore, plaintiff's failure to file her expert's affidavit or a motion for extension of time within 45 days of filing of her complaint, foreclosed her ability to use the renewal provisions contained in OCGA § 9-2-61.

Trucano requests that she be allowed to maintain her action regardless of our decision as she claims that the issue presented herein is one of first impression and the law was unclear at the time her action was filed. We do not agree that the law was unclear, in fact, a

---

original applicable period of limitations or within six months after the discontinuance or dismissal, whichever is later, subject to the requirement of payment of costs in the original action as required by subsection (d) of Code Section 9-11-41; provided, however, if the dismissal or discontinuance occurs after the expiration of the applicable period of limitation, this privilege of renewal shall be exercised only once."

reading of OCGA § 9-11-9.1 (b) and (f) makes the procedure for the filing of an expert affidavit in the case sub judice abundantly clear. Trucano's failure to follow those procedures does not make the law any less clear. Therefore, we find that the trial court properly granted the defendants' motion for summary judgment.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 4, 1994 —
RECONSIDERATION DENIED NOVEMBER 9, 1994 —

*David N. Levine*, for appellant.
*Berlon & Timmel, Michael R. Berlon, Webb, Carlock, Copeland, Semler & Stair, Douglas W. Smith*, for appellees.