A94A1661. MORITZ et al. v. ORKIN EXTERMINATING COMPANY, INC.
(450 SE2d 233)

McMURRAY, Presiding Judge.

This is an action for damages predicated on several theories involving the alleged negligent inspection and application of pesticides

to the home of plaintiffs Linda and Todd Moritz by employees of defendant Orkin Exterminating Company, Inc. on November 17, 1992. Plaintiffs filed a lawsuit on February 11, 1993 and defendant moved to dismiss that complaint for failure to attach an expert's affidavit pursuant to OCGA § 9-11-9.1. On April 6, 1993, plaintiffs voluntarily dismissed that original lawsuit.

A second complaint was filed on July 8, 1993, initiating the case sub judice and containing substantially the same allegations as the earlier complaint. The complaint filed to initiate this case does have attached the affidavits of two experts, a medical doctor and a certified pest control operator. Defendant moved to dismiss the present action maintaining that the absence of any expert affidavit attached to the complaint in the earlier action cannot be "cured" by the procedure followed by plaintiffs. Defendant's motion to dismiss was granted and plaintiffs appeal. *Held:*

OCGA § 9-11-9.1 (e) provides a general rule that "if a plaintiff fails to file an affidavit as required by this Code section contemporaneously with a complaint alleging professional malpractice and the defendant raises the failure to file such an affidavit in its initial responsive pleading, such complaint is subject to dismissal for failure to state a claim and cannot be cured by amendment pursuant to Code Section 9-11-15. . . ." OCGA § 9-11-9.1 (e). Exceptions to this general rule where the complaint is filed in the last ten days of the period of limitation or where the plaintiff had an affidavit available prior to filing a complaint but failed to file it due to a mistake are not applicable in the case sub judice.

While defendant concedes that OCGA § 9-11-9.1 (e) does not expressly prohibit the procedure followed by plaintiffs in this action, it contends that the general rule quoted above should be read as prohibiting plaintiffs from "curing" defective actions except in the circumstances specifically enumerated in the statute. Otherwise, argues defendant, a plaintiff may simply dismiss a defective lawsuit and file the same lawsuit with an expert affidavit in order to sidestep the prohibition against "curing" such defects. Indeed, this is an apt description of what plaintiffs have accomplished, dismissing an action which was arguably defective due to the absence of an affidavit and then refiling with affidavits attached to the complaint, all within the period of the applicable statute of limitation.

While we recognize that OCGA § 9-11-9.1 embodies specific policy goals, the expansive construction of OCGA § 9-11-9.1 (e) urged by defendant would render meaningless the following paragraph, OCGA § 9-11-9.1 (f). One aid in fulfilling our duty to construe statutes as intended by the legislature is to give meaning to each part of the statute and to avoid constructions which render a portion of the statute mere surplusage. *State of Ga. v. C. S. B.*, 250 Ga. 261 (297 SE2d 260);

*Undercofler v. Colonial Pipeline Co.*, 114 Ga. App. 739 (152 SE2d 768). Consequently, we decline to find any implied prohibition in OCGA § 9-11-9.1 (e) against the procedure at issue. Contrary to defendant's assertions, this holding does not render useless the prohibition against "curing" defects by amendments contained in OCGA § 9-11-9.1 (e). Instead, it should be recognized that OCGA § 9-11-9.1 (e) contains a meaningful restriction on the application of OCGA § 9-11-15 just as OCGA § 9-11-9.1 (f) limits the applicability of OCGA § 9-2-61, however, neither of these provisions are applicable under the circumstances in the case sub judice.

In *Glaser v. Meck*, 258 Ga. 468 (2) (369 SE2d 912), the Supreme Court acknowledged the viability of the procedure used by plaintiffs in the case sub judice, and while that statement may appear to be dicta we must also consider the import of subsequent references to it in such cases as *Cheeley v. Henderson*, 261 Ga. 498, n. 1 (405 SE2d 865) (overruled on other grounds, *Hewett v. Kalish*, 264 Ga. 183, 186 (1) (442 SE2d 233)), and *Patterson v. Douglas Women's Center, P. C.*, 258 Ga. 803, n. 1 (374 SE2d 737). Defendant's reliance upon *Jones v. Bates*, 261 Ga. 240 (403 SE2d 804) is misplaced since that case is governed by OCGA § 9-11-9.1 (f), which is inapplicable to the facts of the case sub judice. The grant of defendant's motion to dismiss was reversible error.

*Judgment reversed. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 7, 1994 —
RECONSIDERATION DENIED NOVEMBER 18, 1994 — 

*Philip M. Casto, Christopher J. McFadden,* for appellants.
*Decker & Hallman, Richard P. Decker, W. Winston Briggs,* for appellee.