A00A2392. GRIER-BAXTER v. SIBLEY et al.

(545 SE2d 5)

MIKELL, Judge.

Danita L. Grier-Baxter appeals the trial court's order granting summary judgment to the defendants in this dental malpractice action. Grier-Baxter brought the underlying action against Felix W. Sibley, Jr., D.D.S. and Felix W. Sibley, Jr., D.D.S., P.C., seeking damages for acts that took place between January 6, 1997, and March 17, 1997. Grier-Baxter filed her original complaint on December 30, 1998, but did not attach the required expert affidavit. Instead, Grier-Baxter invoked the forty-five-day rule of OCGA § 9-11-9.1 (b) because the action was filed within ten days of the expiration of the applicable statute of limitation. Before filing the required expert affidavit, however, Grier-Baxter dismissed the complaint without prejudice.

On August 4, 1999, Grier-Baxter filed the instant action pursuant to the renewal statute, OCGA § 9-2-61. The complaint was accompanied by an expert affidavit that was signed and dated July 26, 1999. Defendants answered, asserting that the instant action was not a valid renewal because the original action was void as a result of Grier-Baxter's failure to file the required affidavit within 45 days. Contemporaneously, defendants filed a motion for summary judgment based on the statute of limitation. OCGA § 9-3-71 (a). The trial court granted the motion, and this appeal followed. We affirm.

1. As a preliminary matter, Grier-Baxter argues that the defendants' motion for summary judgment was an improper remedy and that the defendants should instead have moved to dismiss. This argument has no merit.

Under OCGA § 9-11-9.1 (b), an expert affidavit must be filed in a malpractice action within 45 days of the filing of the complaint. Otherwise, the action is subject to dismissal for failure to state a claim if the defendant alleges *"by motion to dismiss filed contemporaneously with its initial responsive pleading* that the plaintiff has failed to file the requisite affidavit." (Emphasis supplied.) Likewise, subsection (e) provides:

If a plaintiff fails to file an affidavit . . . and the defendant raises the failure to file such an affidavit by *motion to dismiss filed contemporaneously with its initial responsive pleading*, such complaint shall not be subject to the renewal provisions of Code Section 9-2-61 after the expiration of the

applicable period of limitation. . . .

(Emphasis supplied.) Based on the statutory language, Grier-Baxter argues that defendants were required to file a motion to dismiss rather than a motion for summary judgment. In support, Grier-Baxter cites *Williams v. Hajosy*, 210 Ga. App. 637 (436 SE2d 716) (1993). However, such reliance is misplaced.

In *Williams*, we clarified that "[a] distinction must be made between the sufficiency of the affidavit of plaintiff's expert for pleading purposes under OCGA § 9-11-9.1 (a), and its evidentiary sufficiency to defeat a motion for summary judgment under OCGA § 9-11-56." Id. at 637-638. Like the motion for summary judgment in *Williams* that addressed the evidentiary sufficiency of the expert affidavit, the motion in the case sub judice does not merely challenge Grier-Baxter's compliance with pleading requirements, but also asserts that the action was barred by the statute of limitation. Furthermore, we have permitted motions for summary judgment challenging compliance with OCGA § 9-11-9.1 in a number of cases. See, e.g., *Lyberger v. Robinson*, 207 Ga. App. 845 (429 SE2d 324) (1993); *Austin v. Greenberg Farrow Architects*, 201 Ga. App. 448 (411 SE2d 346) (1991); *Foskey v. Foster*, 199 Ga. App. 205 (404 SE2d 303) (1991). Accordingly, defendants' motion for summary judgment was a proper method by which to seek an adjudication in their favor. The trial court did not err in granting the motion.

2. Next, Grier-Baxter challenges the court's conclusion that her action was barred by the statute of limitation. This argument is without merit.

In a case involving nearly identical facts, *Trucano v. Rosenberg*, 215 Ga. App. 153, 154 (450 SE2d 216) (1994), we affirmed the trial court's grant of summary judgment and held that

[f]ailure to file an expert affidavit with the complaint as required by OCGA § 9-11-9.1 is a non-amendable defect foreclosing the use of OCGA § 9-2-61, unless the court determines that the affidavit was available prior to the filing of the complaint, and that the failure to timely file it was the result of a mistake.

In the case sub judice, Grier-Baxter filed her original complaint on December 30, 1998; however, the expert affidavit filed with the second complaint was dated July 26, 1999. Thus, Grier-Baxter's failure timely to file an expert affidavit with her original complaint could not have been an excusable mistake as contemplated by OCGA § 9-11-9.1 (e). See *Trucano*, supra, 215 Ga. App. at 154. "Therefore, plaintiff's failure to file her expert's affidavit or a motion for exten-

sion of time within 45 days of filing of her complaint, foreclosed her ability to use the renewal provisions contained in OCGA § 9-2-61." Id. at 154. Because Grier-Baxter's initial action was void, renewal was not available, and the action was barred by the two-year statute of limitation. OCGA § 9-3-71 (a). See *Lyberger*, supra, 207 Ga. App. at 846; *Austin*, supra, 201 Ga. App. at 450. Accordingly, the trial court did not err in granting defendants' motion for summary judgment.

*Judgment affirmed. Pope, P. J., and Miller, J., concur.*

DECIDED JANUARY 16, 2001.

*J. L. Jordan*, for appellant.

*Hall, Booth, Smith & Slover, M. Glenn Frick, Robert S. Register,* for appellees.