A01A1650. WITHERSPOON v. ARANAS et al.
(562 SE2d 853)

BARNES, Judge.

In this medical malpractice action, Sheron Witherspoon appeals from the trial court's order granting a motion to dismiss all of her claims against Dr. Catalina Aranas and all but one of her claims against Dr. Richard Bloom.[1] In her appeal, Witherspoon asserts that the trial court erred in relying upon either OCGA § 9-11-9.1 or the statute of limitation to dismiss her claims. For the reasons stated below, we affirm in part and reverse in part.

The record shows that Witherspoon filed her first complaint alleging medical malpractice by the defendants on March 8, 2000. In her complaint, she alleged that Dr. Aranas violated the standard of care by failing to completely remove her ovaries in a surgery performed in November 1997. She alleged that Dr. Bloom violated the standard of care by failing to remove her remaining ovary in a surgery performed on January 22, 1999. Plaintiff did not attach an expert affidavit to her complaint and did not allege that she believed in good faith that the statute of limitation would expire in ten days and that an expert affidavit could not be obtained due to time constraints.

Thirty-four days later, on April 11, 2000, plaintiff filed an amendment to her complaint stating: "Plaintiff shows that the Affidavit required by OCGA § 9-11-9.1 was not filed with her Complaint because she believed in good faith that the period of limitation would expire within 10 days and the Affidavit by an expert could not be prepared because of such time constraints."

On April 19, 2000, the defendant doctors filed, contemporaneous with their answer, a motion to dismiss based upon OCGA § 9-11-9.1.

On April 21, 2000, 44 days after filing her complaint, plaintiff

---

[1] Plaintiff's claim for fraudulent misrepresentation against Dr. Bloom remains pending below.

supplemented her complaint with an expert affidavit. This expert opined that Dr. Aranas violated the standard of care during the November 5, 1997 surgery and that Dr. Bloom violated the standard of care during the January 22, 1999 surgery by failing to remove the plaintiff's ovary.

On May 22, 2000, plaintiff voluntarily dismissed her complaint before a hearing was held on the defendants' motion to dismiss. She refiled her complaint exactly six months later, on November 22, 2000, and asserted the following causes of action: breach of express medical agreement by Dr. Aranas; professional medical negligence by both defendant doctors; lack of informed consent against Dr. Aranas; battery by Dr. Aranas; and fraudulent misrepresentation against both defendants for failing to disclose that an ovary remained in her abdomen after their surgeries. Plaintiff attached to her complaint a copy of the expert affidavit she filed in her first complaint.

In her complaint, plaintiff alleged that Dr. Aranas operated on her in November 1997 to remove her ovaries. She began experiencing excruciating pelvic pain beginning in February 1998 and returned to Dr. Aranas on a weekly basis. Dr. Aranas "repeatedly advised [plaintiff] that absolutely all of her reproductive organs had been removed [and] that there was no Endometriosis condition that could cause pain." Dr. Aranas told the plaintiff "that the pain she was experiencing was 'probably' due to scar tissue arising from the surgery" and that she needed to learn to manage her pain. In March 1998, plaintiff went to the emergency room, and emergency surgery was performed to remove a large hematoma from her abdomen. When her pelvic pain returned, plaintiff consulted with Dr. Bloom who found another pelvic mass in the plaintiff's abdomen and performed surgery on January 22, 1999. According to plaintiff's second complaint, she did not learn that one of her ovaries might not have been completely removed until September 1999, when an ultrasound technician informed her that one of her ovaries might still be present. Although her treating doctor at that time told her the technician was incorrect, plaintiff consulted with another doctor who performed another surgery in December 1999. This doctor, who also provided the plaintiff with the expert affidavit attached to the complaint, discovered that a functioning ovary remained in the plaintiff's abdomen.

Defendants filed another motion to dismiss contemporaneously with their answer, asserting that (1) the medical malpractice claims were not subject to the renewal provisions of OCGA § 9-2-61; (2) the affidavit filed with the renewed complaint was deficient; and (3) all of the plaintiff's claims against Dr. Aranas were barred by the statute of limitation. The trial court granted the defendants' motion to dismiss all of the plaintiff's claims against Dr. Aranas. It also dismissed the professional medical malpractice claims against Dr. Bloom. Thus,

the only claim remaining below is the plaintiff's claim for fraudulent misrepresentation against Dr. Bloom.

1. OCGA § 9-11-9.1 provides, in pertinent part:

(a) In any action for damages alleging professional malpractice against a professional . . . , the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify. . . . (b) The contemporaneous filing requirement of subsection (a) of this Code section shall not apply to any case in which the period of limitation will expire or there is a good faith basis to believe it will expire on any claim stated in the complaint within ten days of the date of filing and, because of such time constraints, the plaintiff has alleged that an affidavit of an expert could not be prepared. In such cases, the plaintiff shall have 45 days after the filing of the complaint to supplement the pleadings with the affidavit. The trial court may, on motion, after hearing and for good cause extend such time as it shall determine justice requires. If an affidavit is not filed within the period specified in this subsection or as extended by the trial court and the defendant against whom an affidavit should have been filed alleges, by motion to dismiss filed contemporaneously with its initial responsive pleading that the plaintiff has failed to file the requisite affidavit, the complaint is subject to dismissal for failure to state a claim. . . . (e) If a plaintiff fails to file an affidavit as required by this Code section and the defendant raises the failure to file such an affidavit by motion to dismiss filed contemporaneously with its initial responsive pleading, such complaint shall not be subject to the renewal provisions of Code Section 9-2-61 after the expiration of the applicable period of limitation, unless a court determines that the plaintiff had the requisite affidavit within the time required by this Code section and the failure to file the affidavit was the result of a mistake.

In this case, the record shows that Witherspoon failed to file an expert affidavit with her original complaint as required by OCGA § 9-11-9.1 (a) and also failed to allege in her original complaint that an affidavit could not be prepared because of statute of limitation time constraints as outlined in OCGA § 9-11-9.1 (b). She did, however, amend her complaint to make this statement and also supplemented her complaint with an expert affidavit before the 45-day period to supplement the complaint with an expert affidavit expired.

The defendants assert that Witherspoon was not entitled to the

45-day extension to file an affidavit provided by subsection (b) because the statute of limitation had already expired with regard to Dr. Aranas and was nowhere close to expiring with regard to Dr. Bloom. Thus, Witherspoon cannot show that "the period of limitation [would] expire or there [was] a good faith basis to believe it [would] expire on any claim stated in the complaint within ten days of the date of filing." OCGA § 9-11-9.1 (b). We agree.

Plaintiff filed her original complaint on March 8, 2000. Dr. Aranas performed surgery on her on November 5, 1997, and Dr. Bloom performed surgery on the plaintiff on January 22, 1999. The allegations in her complaint go to the failure to remove the ovary during these surgeries, and in the affidavit attached to her amended complaint, her expert opined that this was the only manner in which the defendants violated the standard of care.

In the portion of her brief addressing whether the statute of limitation bars her claims, Witherspoon asserts that it began to run on September 21, 1999, when she first learned that a functioning ovary might remain in her abdomen. Thus, she could not have "believed in good faith that the period of limitation would expire within 10 days" as she alleged in the amendment to her original complaint. "[A] plaintiff is not entitled to invoke the 45-day provisions of OCGA § 9-11-9.1 (b) when the applicable statute of limitation would not expire within ten days of the date of the filing of the complaint." *Keefe v. Northside Hosp.*, 219 Ga. App. 875, 876 (467 SE2d 9) (1996). Nowhere in her briefs before this court does Witherspoon demonstrate how the statute of limitation would have actually expired or the basis for her "good faith" belief that it would expire within ten days of the date her original complaint was filed. Thus, the extension provided by OCGA § 9-11-9.1 (b) does not apply in this case.

2. Having determined that Witherspoon is not entitled to the extension, we must now determine the effect of her failure to comply with the affidavit requirement on her renewal action.

Witherspoon relies on our Supreme Court's decision in *Patterson v. Douglas Women's Center*, 258 Ga. 803 (374 SE2d 737) (1989), for the proposition that a plaintiff can renew a professional negligence complaint after the expiration of the statute of limitation despite a failure to attach the expert affidavit required by OCGA § 9-11-9.1, because a dismissal under OCGA § 9-11-9.1 does not render the original complaint void ab initio (the moment it was filed). While this accurately summarizes our Supreme Court's holding in *Patterson*, "[w]ithin months of [this] decision, the General Assembly added subsection [(e)] to OCGA § 9-11-9.1 to carve out an exception to *Patterson*." *Sawyer v. DeKalb Med. Center*, 234 Ga. App. 54, 55 (1) (506 SE2d 197) (1998). Thus, *Patterson* no longer controls our analysis.

Since the General Assembly's addition of subsection (e), we have

consistently held that a plaintiff's failure to comply with the requirements of OCGA § 9-11-9.1 (a) or (b) forecloses the plaintiff from later using the renewal provisions of OCGA § 9-2-61 after the statute of limitation expired. *Grier-Baxter v. Sibley*, 247 Ga. App. 560, 562 (2) (545 SE2d 5) (2001); *Trucano v. Rosenberg*, 215 Ga. App. 153, 154 (450 SE2d 216) (1994). If the statute of limitation has not expired at the time the renewal complaint is filed, however, a plaintiff's renewal action will not be barred based on a previous failure to comply with the affidavit requirements of OCGA § 9-11-9.1. *Moritz v. Orkin Exterminating Co.*, 215 Ga. App. 255, 256-257 (450 SE2d 233) (1994). Thus, we must determine whether the limitation period had expired on November 22, 2000, the date Witherspoon filed her renewal complaint.

Witherspoon asserted the following causes of action in her renewal complaint: breach of express medical agreement by Dr. Aranas for failing to remove all of her ovaries as agreed; professional medical negligence against both defendant doctors for failing to remove the ovary during their respective surgeries; lack of informed consent against Dr. Aranas for failing to obtain her permission to leave an ovary in her abdomen after the surgery; battery by Dr. Aranas for performing a different procedure from the one she consented to by leaving the ovary in her; and fraudulent misrepresentation against both defendants for failing to disclose that an ovary remained after their surgeries. All of these causes of action are subject to a two-year limitation period because "the medical malpractice statute of limitation applies to both tort and contract theories of liability when the claim 'calls into question the conduct of a professional in his area of expertise.'" (Citation omitted.) *Robinson v. Williamson*, 245 Ga. App. 17, 19 (1) (537 SE2d 159) (2000). See also OCGA § 9-3-71 (a).

(a) With regard to Dr. Bloom, who performed surgery on the plaintiff on January 22, 1999, the two-year statute of limitation clearly had not expired by the time the plaintiff filed her renewal complaint on November 22, 2000. Thus, the trial court erred by granting any portion of Dr. Bloom's motion to dismiss. See *Moritz*, supra, 215 Ga. App. at 256-257.

(b) With regard to Dr. Aranas, the record shows that he performed the surgery at issue in November 1997, over two years before the renewal complaint was filed. The plaintiff alleges that during February and March 1998 she experienced excruciating pain in her pelvic region, told Dr. Aranas about this pain, and was told by him that all of her reproductive organs had been removed and that her pain was probably caused by scar tissue. According to the complaint, Dr. Aranas' last contact with the plaintiff was on March 16, 1998, after which time she sought treatment with other doctors.

In medical malpractice actions, the statute of limitation begins running when the injury occurs rather than on the date of the negligent act. *Jones v. Lamon*, 206 Ga. App. 842, 845 (1) (426 SE2d 657) (1992). In most medical malpractice actions, the injury "occurs" when its symptoms manifest themselves to the patient, and this rule applies even if the patient is not aware of either the cause of the pain or of the connection between the symptoms and the negligent act or omission. *Walker v. Melton*, 227 Ga. App. 149, 150 (1) (b) (489 SE2d 63) (1997); *Henry v. Med. Center*, 216 Ga. App. 893, 894 (2) (456 SE2d 216) (1995); *Bryant v. Crider*, 209 Ga. App. 623, 626 (3) (434 SE2d 161) (1993). Under this analysis, the statute of limitation would have expired in February 2000, two years after the plaintiff began experiencing pain after the surgery.

Finally, the plaintiff presented no evidence of fraud that would toll the statute of limitation.

> The statute of limitation is tolled under OCGA § 9-3-96 for fraudulent concealment only if a plaintiff is debarred or deterred from bringing an action by fraud on the part of a defendant. Once a plaintiff seeks the diagnosis or care of another doctor, she is no longer deterred from learning the true facts by any conduct of a defendant "even if the other doctor consulted does not diagnose the medical problem as arising from the defendant's improper treatment."

(Citation omitted.) *Bryant*, supra, 209 Ga. App. at 627. In this case, Witherspoon sought treatment from other doctors over two years before she filed her renewal complaint.

Because the statute of limitation had already expired on Witherspoon's claims against Dr. Aranas when she filed her renewal complaint and she failed to comply with OCGA § 9-11-9.1 when she filed her original complaint, the trial court properly dismissed all of her claims against Dr. Aranas.

*Judgment affirmed in part and reversed in part. Smith, P. J., and Phipps, J., concur.*

DECIDED MARCH 29, 2002.

*Calvin A. Rouse*, for appellant.

*Hatcher, Stubbs, Land, Hollis & Rothschild, Gregory S. Ellington, Robert C. Martin, Jr.*, for appellees.