A02A0313. GRIFFIN et al. v. CARSON et al.
(566 SE2d 36)

MILLER, Judge.

This action for medical malpractice was filed more than two years after the injury giving rise to the action and thus fell outside the applicable statute of limitation found in OCGA § 9-3-71 (a). Having filed an earlier action within the statute of limitation (subsequently dismissed), plaintiffs sought the protection of OCGA § 9-2-61 (a) on the ground that they refiled within six months of the dismissal. The trial court ruled against plaintiffs, finding that their failure to attach an OCGA § 9-11-9.1 affidavit to the original complaint rendered that action invalid under OCGA § 9-11-9.1 (e) as a basis for a renewal action. We agree and affirm.

The complaint alleges that Dr. John Carson negligently performed cataract surgery on James Griffin on September 2, 1998, which tore and caused a retinal detachment of Griffin's eye. On September 1, 2000, Griffin and his wife sued Carson and Carson's employer (a professional corporation) for medical malpractice and invoked the provisions of OCGA § 9-11-9.1 (b) on the ground that the filing was within ten days of the running of the statute of limitation and that an expert affidavit showing professional negligence could not be timely prepared. This entitled plaintiffs to 45 days to supplement the pleadings with the required affidavit. OCGA § 9-11-9.1 (b).

Plaintiffs did not supplement the pleadings with the affidavit but instead voluntarily dismissed their complaint without prejudice on September 25, 12 days before any responsive pleading was due. They filed the present action on March 20, 2001, asserting the same malpractice tort claim against the same defendants and also adding a breach of contract claim (against the corporate defendant) arising out of the same facts. Simultaneous with the filing of their answers, both defendants moved to dismiss the complaint on the grounds that the statute of limitation had run and that the renewal statute did not apply where the earlier action lacked the requisite affidavit. The trial court agreed and dismissed the complaint. Plaintiffs appeal.

1. Plaintiffs' appellate brief contains not a single citation to the record. This flies in the face of Court of Appeals Rule 27 (c) (3) (i), which requires that "[e]ach enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of such reference, the Court will not search for or consider

such enumeration." On this ground alone, plaintiffs' appeal fails. Nevertheless, plaintiffs' appeal fails on the merits also.

2. The present action was undisputedly filed outside the applicable two-year statute of limitation. OCGA § 9-3-71 (a) provides that an action for medical malpractice must be brought within two years after the date of injury. As per plaintiffs' allegations, the injury here occurred on the date of the allegedly negligent surgery — September 2, 1998. The present action was filed on March 20, 2001, more than two years later. Whether couched in terms of a tort or breach of contract action, the two-year statute of limitation applies to malpractice actions for injuries arising out of medical services. *Knight v. Sturm*, 212 Ga. App. 391, 392 (2) (442 SE2d 255) (1994); see OCGA § 9-3-70 (1).

Apparently seeking to avoid the statute, plaintiffs on the day of the motion to dismiss hearing amended their action to attempt to state a claim for simple negligence for failure to schedule follow-up appointments. Medical aftercare, however, involves the evaluation of the medical condition of the particular patient and thus the application of professional knowledge; therefore, this claim is also a medical malpractice claim. *Herndon v. Ajayi*, 242 Ga. App. 193, 194 (2) (532 SE2d 108) (2000).

3. Plaintiffs argue, however, that the present action is a renewal within six months of the previous medical malpractice action that was filed within the statute of limitation but later dismissed. Thus, plaintiffs seek the protection of OCGA § 9-2-61 (a) to preserve their action.

Plaintiffs failed to attach to their previous complaint (even by supplement) the affidavit required by OCGA § 9-11-9.1 (a). Therefore, under OCGA § 9-11-9.1 (e), that action is precluded from serving as a basis for a renewal action.

> If a plaintiff fails to file an affidavit as required by [OCGA § 9-11-9.1] and the defendant raises the failure to file such an affidavit by motion to dismiss filed contemporaneously with its initial responsive pleading, such complaint shall not be subject to the renewal provisions of Code Section 9-2-61 after the expiration of the applicable period of limitation, unless a court determines that the plaintiff had the requisite affidavit within the time required by this Code section and the failure to file the affidavit was the result of a mistake.

OCGA § 9-11-9.1 (e).

The present action falls within the language of OCGA § 9-11-9.1 (e). Plaintiffs failed to attach the required affidavit to the filing of

their previous complaint and obtained the 45-day grace period allowed by OCGA § 9-11-9.1 (b) to supplement that complaint with the affidavit. They dismissed that complaint without having filed any affidavit and before any responsive pleadings were due, thereby preventing defendants from moving to dismiss (for failure to file the affidavit) in that previous action. The requisite affidavit was not executed until February 21, 2001, four months after the affidavit was to have been filed in the previous action and six months after the statute of limitation had expired, and therefore no excusable circumstance was shown. *Grier-Baxter v. Sibley*, 247 Ga. App. 560, 561 (2) (545 SE2d 5) (2001); *Lyberger v. Robinson*, 207 Ga. App. 845, 846 (429 SE2d 324) (1993). Since plaintiffs failed to attach the required expert affidavit to the previous medical malpractice action, and since defendants raised the failure to file such affidavit in a motion to dismiss filed contemporaneously with their initial responsive pleadings, plaintiffs' complaint was not subject to the renewal provisions of OCGA § 9-2-61 and therefore cannot serve as a basis for a renewal action, either against Carson or his employer. *Grier-Baxter*, supra, 247 Ga. App. at 561-562 (2); see *Trucano v. Rosenberg*, 215 Ga. App. 153, 154 (450 SE2d 216) (1994); *Lyberger*, supra, 207 Ga. App. at 846.

The trial court did not err in dismissing plaintiffs' complaint.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED MAY 15, 2002.

*Mills & Chasteen, Ben B. Mills, Jr.*, for appellants.

*Hall, Booth, Smith & Slover, Anthony A. Rowell, W. Brent Hyde, Martin, Snow, Grant & Napier, Blair K. Cleveland, Richard A. Epps, Jr.*, for appellees.