## A03A1138. FALES v. JACOBS et al.
(588 SE2d 294)

Ruffin, Presiding Judge.

The trial court dismissed Mitchell Shawn Fales' medical malpractice complaint for failure to file an expert affidavit in compliance with OCGA § 9-11-9.1. Fales appeals, admitting that his attorney's secretary mistakenly filed the original complaint without an affidavit, but arguing that dismissal is improper because he filed an amended complaint with an affidavit. For reasons that follow, we affirm.

The relevant facts are not in dispute. Fales filed a medical malpractice complaint on April 24, 2001, just before the expiration of the applicable statute of limitation. Pursuant to OCGA § 9-11-9.1 (a),

> [i]n any action for damages alleging professional malpractice . . . the plaintiff shall be required to file with the complaint an affidavit of an expert competent to testify, which affidavit shall set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.

Fales did not file the required affidavit with his complaint. Instead, he timely filed the affidavit of his expert, Dr. Shelton, within the 45-day exception provided by OCGA § 9-11-9.1 (b). Following the deposition of Dr. Shelton, however, Fales voluntarily dismissed the complaint.

On February 20, 2002, Fales filed a renewal action pursuant to OCGA § 9-2-61. He did not attach an affidavit. On March 22, 2002, Fales filed an amended complaint with the affidavit of a new expert, Dr. Newsome. The defendants subsequently filed their respective motions to dismiss based on Fales' failure to comply with OCGA § 9-11-9.1. On June 21, 2002, Fales responded, admitting that his attorney's secretary had mistakenly filed the renewal complaint without Dr. Newsome's affidavit. According to counsel, Dr. Newsome had signed the affidavit at the time the complaint was filed, but failed to have it notarized. Thus, Fales admitted that he did not have a "properly authorized affidavit" when he filed his complaint. Nevertheless, he argued that the complaint should not be dismissed because he filed an amended complaint with the affidavit prior to the defendants acknowledging service of the original complaint. Following a hearing, the trial court granted the defendants' motions to dismiss.

On appeal, Fales asserts that we should construe OCGA § 9-11-9.1 to allow an amended complaint to cure a failure to file an affidavit. We have previously held that a complaint may be amended *to include an allegation in the affidavit* to comply with OCGA § 9-11-9.1

(b).[1] That provision entitles a plaintiff to supplement the complaint with an affidavit within 45 days under certain circumstances.[2] However, nothing in the current version of OCGA § 9-11-9.1 otherwise permits a party to add the necessary expert affidavit by amendment.[3] And we will not allow such amendment here. A contrary holding would impermissibly gut the contemporaneous filing requirement of OCGA § 9-11-9.1 (a).[4]

It is undisputed that Fales failed to file an affidavit with his renewal action. Furthermore, he has not alleged that he is entitled to the 45-day extension to file the affidavit under OCGA § 9-11-9.1 (b). Thus, the trial court properly dismissed Fales' complaint pursuant to OCGA § 9-11-9.1.[5] Accordingly, we affirm.

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED OCTOBER 1, 2003.

*Gerald W. Bassett*, for appellant.

*Coleman, Talley, Newbern, Kurrie, Preston & Holland, Wade H. Coleman, Edward F. Preston, Michael G. Frick, Emily J. Brantley*, for appellees.

---

[1] See *Sullivan v. Fredericks*, 251 Ga. App. 790, 791 (554 SE2d 809) (2001).

[2] See OCGA § 9-11-9.1 (b).

[3] In former OCGA § 9-11-9.1 (e), the legislature authorized use of amendment under certain circumstances. In 1997, however, the legislature rewrote subsection (e) to omit reference to amendments, and to permit use of the renewal statute.

[4] See *William L. Bonnell Co. v. Coweta County Bd. of Tax Assessors*, 252 Ga. App. 151, 152 (1) (556 SE2d 159) (2001) ("All words of a statute should be given effect, and a statute should not be construed so as to render any language meaningless or mere surplusage.").

[5] See *Sullivan*, supra.