A04A0568. FISHER v. COFFEE REGIONAL MEDICAL CENTER, INC. et al.
(602 SE2d 135)

ADAMS, Judge.

Garland Fisher, as temporary administrator of the estate and surviving spouse of Jo Ann Fisher, filed this wrongful death and survival action based on medical malpractice against Coffee Regional Medical Center, Inc., Cheng H. Lin, M.D., Frederick G. Panico, M.D., George F. Egolf, CRNA and Douglas Woman's Clinic, P.C. on March 17, 2003. Fisher did not attach an expert affidavit to his complaint as required by OCGA § 9-11-9.1 (a), but he did invoke the provisions of OCGA § 9-11-9.1 (b), which automatically allows an additional forty-five days to file an expert affidavit when the statute of limitations will expire, or a good faith belief exists that it will expire, within ten days of the filing of the complaint.

Defendants answered, and moved to dismiss the complaint for failure to comply with OCGA § 9-11-9.1. On April 23, 2003, Fisher amended his complaint to attach his expert affidavit. Fisher also filed a response to defendants' motions to dismiss, arguing that his affidavit was timely under OCGA § 9-11-9.1 (b), and alternatively, that the trial court had the discretion to allow the affidavit to be filed under the provisions of OCGA § 9-11-9.1 (e). Fisher further noted the March 2003 complaint was in fact a renewal action to an earlier case that had been dismissed without prejudice on September 13, 2002, and that the affidavit filed on April 23, 2003, was essentially the same as the affidavit and amended affidavit that had been filed with the original complaint.

The trial court granted defendants' motions to dismiss, and dismissed Fisher's complaint with prejudice. The court found that the limitations period had expired on the wrongful death claim on May 4, 2000, two years after the decedent's death, and that the limitations period had expired on the survival action on May 1, 2002, two years after Fisher was appointed the temporary administrator of the estate. Thus, the trial court found that

the renewal Complaint was not filed within ten days of the expiration of the statute of limitations for either of Fisher's claims. Because the limitations periods had clearly expired, there was not a good faith basis for Fisher to believe the limitations period would expire within 10 days. Therefore, Fisher could not invoke the 45 day extension of OCGA § 9-11-9.1 (b). . . .

Fisher appeals.

The trial court did not err in dismissing the complaint based on Fisher's failure to file an expert affidavit with his renewal complaint. Although he was allowed to recommence his action under OCGA § 9-2-61 because it was filed within six months of dismissal of his earlier timely filed complaint, the applicable statutes of limitation had clearly run at the time the renewal action was filed. Although Fisher appears to make a contrary argument, the method for calculating when the statute of limitation actually expired remains the same in the renewal action. See *Witherspoon v. Aranas*, 254 Ga. App. 609, 613 (2) (562 SE2d 853) (2002). The trial court correctly concluded that the statutes of limitation had expired well in advance of the filing of the renewal action, and that therefore, the extension provided by OCGA § 9-11-9.1 (b), which applies only when the complaint is filed within ten days of the expiration of the limitations period, was not available in this case.

We also find no merit to Fisher's contention that since the affidavit filed with the original complaint was "available" to the trial court and could have been filed with the renewal action instead of the new affidavit he obtained from the same doctor, the trial court should have deemed his failure to file an affidavit with his renewal complaint a "mistake" and allowed him to amend his complaint to file the affidavit pursuant to OCGA § 9-11-9.1 (e). It is true that prior to the 1997 amendment to OCGA § 9-11-9.1, a plaintiff who failed to attach an OCGA § 9-11-9.1 affidavit to a professional negligence complaint could file the affidavit by way of an amendment to the complaint if the trial court found two conditions were met: (1) the plaintiff had the affidavit prior to filing the complaint, and (2) the plaintiff failed to file it as a result of a mistake. OCGA § 9-11-9.1 (e). *Mug A Bug Pest Control v. Vester*, 270 Ga. 407 (509 SE2d 925) (1999). But the 1997 amendment to subsection (e) eliminated the language allowing an amendment to cure the failure to file an OCGA § 9-11-9.1 affidavit.[1] *Griffin v. Carson*, 255 Ga. App. 373, 374 (3) (566 SE2d 36) (2002). Thus, the cases that Fisher cites in his brief, which were decided under the prior version of the statute, are not controlling.

And this Court has recently addressed the question of whether the current version of OCGA § 9-11-9.1 permits an amendment to a renewal complaint to correct the failure to file an expert's affidavit with the renewal action. In *Fales v. Jacobs*, 263 Ga. App. 461, 462 (588 SE2d 294) (2003), the plaintiff also originally filed suit just before the running of the applicable statute of limitation, and timely filed his

---

[1] The revised statute now addresses the question of when the renewal statute is available in professional negligence cases where the original complaint is filed without the required affidavit. *Fales v. Jacobs*, 263 Ga. App. 461, 462, n. 3 (588 SE2d 294) (2003).

expert affidavit within the 45-day extension granted by OCGA § 9-11-9.1. Fales then dismissed the complaint, and subsequently filed a renewal action but did not attach the required affidavit with his complaint. Fales attempted to amend his complaint to file an expert affidavit, and argued that the trial court should allow the amendment to cure the failure to file the affidavit. We rejected this contention and held that "nothing in the current version of OCGA § 9-11-9.1 otherwise permits a party to add the necessary expert affidavit by amendment. And we will not allow such [an] amendment here. A contrary holding would impermissibly gut the contemporaneous filing requirement of OCGA § 9-11-9.1 (a)." (Footnotes omitted.) Id.

In this case, like in *Fales*, it is undisputed that Fisher timely filed an expert affidavit with his original complaint, that he dismissed that complaint and filed a renewal action after the expiration of the statutes of limitation, and that he failed to attach an OCGA § 9-11-9.1 affidavit to his renewal complaint. Nothing in OCGA § 9-11-9.1 permits Fisher to amend his complaint to file the required affidavit, and as stated above, he was not entitled to the 45-day extension granted by OCGA § 9-11-9.1 (b). The trial court thus did not err in dismissing the complaint for failure to comply with OCGA § 9-11-9.1.

*Judgment affirmed. Ruffin, P. J., and Eldridge, J., concur.*

DECIDED JUNE 10, 2004 —
RECONSIDERATION DENIED JULY 22, 2004 — ■

*J. Hugh Gordon*, for appellant.

*Weinberg, Wheeler, Hudgins, Gunn & Dial, Johnathan T. Krawcheck, Melissa D. Peeler, McCall, Phillips & Williams, Paul G. Phillips, Hall, Booth, Smith & Slover, Anthony A. Rowell, W. Brent Hyde*, for appellees.