### A04A1217. RECTOR v. O'DAY et al.

(603 SE2d 337)

BARNES, Judge.

Eric Rector filed a renewal complaint against David O'Day, M.D. and the Laser Vision Institute, LLC, for medical malpractice related to LASIK eye surgery. The trial court granted summary judgment to the defendants, holding that because Rector's first suit was procedurally defective under OCGA § 9-11-9.1 when he dismissed it, it could not serve as the basis for his second complaint, which was filed after the statute of limitation ran. Rector appeals, and we reverse the trial court. Because the requisite malpractice affidavit was available when Rector filed his initial complaint and because his failure to attach it to the complaint was due to a mistake, the action was properly renewed under OCGA §§ 9-11-9.1 (e) and 9-2-61.

The defendants admit that Rector's expert affidavit was available when he filed his first malpractice complaint, and that his failure to attach it was due to a mistake. At the hearing on the defendants' motion to dismiss the first complaint, Rector argued that

> if the court finds that the affidavit — we had it in our possession at the requisite time period, and that it was not filed as the result of a mistake, which I believe is clear, given the affidavit of [the plaintiff's counsel's paralegal]. And if that's been the case, then pursuant to [OCGA §] 9-2-61, we could voluntarily dismiss and refile at this point.

Counsel then asked the trial court to make a factual finding of whether the failure to file the affidavit was a result of mistake, to which the trial court replied, "Well, I don't know necessarily that the other side is contending that you didn't have the affidavit available prior to filing the complaint. I mean, I don't think that has been raised."

Before the trial court ruled on the motion to dismiss, Rector dismissed the first complaint and refiled it with the affidavit attached. The defendants subsequently moved for summary judgment or dismissal, arguing that the second complaint was barred because the statute of limitation had run, and that Rector "failed to comply

with the requirements of OCGA § 9-11-9.1 with regard to the filing of the required expert affidavit."

At a hearing on the defendants' motion to dismiss the second complaint, the defendants conceded that Rector had the expert affidavit in his possession, and that it was not attached to the first filed complaint because of an inadvertent omission. Rector reiterated that everyone conceded that the affidavit was in the plaintiff's possession when the complaint was filed and that his failure to attach it to the copy filed in the clerk's office was a mistake. Because the trial court had previously found that the affidavit was not filed as a result of a mistake, Rector said, he decided to take advantage of OCGA § 9-11-9.1 (e) and refile the case to remove a "potential appellate cloud."

In its order dismissing the second complaint, the trial court stated,

> Although plaintiff had obtained an expert's affidavit prior to filing suit, no expert affidavit was attached or filed with the complaint. . . . Plaintiff contends the affidavit was inadvertently excluded from the original filing. . . . Since plaintiff failed to attach an expert affidavit to his original complaint in the first action, that first action is precluded from serving as a basis for this renewal action.

Nowhere in the order, however, does the trial court make an explicit finding whether the failure of the plaintiff to file the affidavit was a result of mistake.

OCGA § 9-11-9.1 (e) provides:

> If a plaintiff fails to file an affidavit as required by this Code section and the defendant raises the failure to file such an affidavit by motion to dismiss filed contemporaneously with its initial responsive pleading, such complaint shall not be subject to the renewal provisions of Code Section 9-2-61 after the expiration of the applicable period of limitation, *unless a court determines that the plaintiff had the requisite affidavit within the time required by this Code section and the failure to file the affidavit was the result of a mistake.*

(Emphasis supplied.) "In former OCGA § 9-11-9.1 (e), the legislature authorized use of amendment under certain circumstances. In 1997, however, the legislature rewrote subsection (e) to omit reference to amendments, and to permit use of the renewal statute." *Fales v. Jacobs*, 263 Ga. App. 461, 462, n. 3 (588 SE2d 294) (2003).

> The renewal statute [OCGA § 9-2-61] is remedial in nature; it is construed liberally to allow renewal where a suit is disposed of on any ground not affecting its merits. The "privilege" of dismissal and renewal does not apply to cases decided on their merits or to void cases, but does allow renewal if the previous action was merely voidable.

(Citations and punctuation omitted.) *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994).

The defendants argue that Rector should have amended his complaint before dismissing it, contending that his failure to do so made the first action void and incapable of renewal. This argument ignores the legislative amendment to OCGA § 9-11-9.1 (e) deleting that portion of the statute allowing a plaintiff to amend a malpractice complaint to include an omitted expert affidavit in certain cases, and providing explicitly that a complaint filed without an expert affidavit can be renewed if the affidavit was available when the first complaint was filed but not attached as the result of a mistake.

The cases cited by the trial court in its dismissal order are not on point. Unlike the case before us, in *Griffin v. Carson*, 255 Ga. App. 373, 374 (3) (566 SE2d 36) (2002), the plaintiff did not have his expert affidavit available when he filed his first complaint, and "therefore no excusable circumstance was shown." Id. at 375. Similarly, in *Fales v. Jacobs*, supra, 263 Ga. App. 461, the plaintiff failed to attach an expert affidavit to his renewed complaint and "admitted that he did not have a 'properly authorized affidavit' when he filed his complaint." Id. We likewise affirmed the dismissal of a dental malpractice complaint in *Grier-Baxter v. Sibley*, 247 Ga. App. 560, 561 (2) (545 SE2d 5) (2001), and a legal malpractice suit in *Lyberger v. Robinson*, 207 Ga. App. 845 (429 SE2d 324) (1993), both times because the plaintiff's expert affidavit filed with the renewed complaint was dated after the first complaint was filed. In this case, the affidavit existed before the complaint was filed, and therefore neither of these cases is controlling.

The facts in the cases of *Fisher v. Coffee Regional Medical Center*, 268 Ga. App. 657 (602 SE2d 135) (2004), and *Fales v. Jacobs*, supra, 263 Ga. App. 461, also differ from the case before us. In those cases, the plaintiff failed to attach the expert affidavit to the second, renewed complaint. We held that OCGA § 9-11-9.1 (e) does not allow a plaintiff to amend his renewed complaint if he fails to attach an expert affidavit to that second filing. This case does not involve the failure to attach an affidavit to the second complaint, but a mistaken failure to attach an available affidavit to the first complaint.

As we have noted before in dicta, "OCGA § 9-11-9.1 specifically permits renewal if the trial court determines that the claimant

obtained the requisite expert affidavit within the necessary time, but mistakenly failed to file it." (Footnote omitted.) *Smith v. Morris, Manning & Martin, LLP,* 264 Ga. App. 24, 26 (589 SE2d 840) (2003) (physical precedent only). If the provisions of OCGA § 9-11-9.1 (e) do not apply in this case, in which all parties agree that the affidavit was available when the first complaint was filed but mistakenly omitted, we cannot envision any scenario to which they would apply. Accordingly, we reverse the trial court's order dismissing this case.

*Judgment reversed. Blackburn, P. J., and Mikell, J., concur.*

Decided August 2, 2004 — 

*Evert & Weathersby, Ivan A. Gustafson, Jeffrey M. Odom, Christopher G. Conley,* for appellant.

*Green, Johnson & Landers, Henry D. Green, Jerry A. Landers, Jr., Weinberg, Wheeler, Hudgins, Gunn & Dial, Johnathan T. Krawcheck, Rachel A. Fuerst, Hall, Booth, Smith & Slover, Kristin G. Pell,* for appellees.