A05A0778. BARDO et al. v. LISS et al.
(614 SE2d 101)

ANDREWS, Presiding Judge.

Cynthia Bardo sued Jonathan L. Liss, M.D. in a complaint which alleged that, as a result of Dr. Liss's professional and ordinary negligence, she suffered injuries when she fell from an examination table in Dr. Liss's medical office. The suit also named Dr. Liss's professional corporation, Jonathan L. Liss, M.D., P.C. (Liss P.C.), as a defendant, and included a loss of consortium claim against the defendants by Bardo's husband. Dr. Liss and Liss P.C. filed a motion to dismiss the complaint on the basis that the Bardos failed to file an expert affidavit with the complaint as required by OCGA § 9-11-9.1. The trial court granted the motion and dismissed the complaint and the Bardos appeal. For the following reasons, we affirm the trial court's dismissal of the complaint.

It is undisputed that, when the Bardos filed their complaint against Dr. Liss and Liss P.C., they failed to file the expert affidavit required by OCGA § 9-11-9.1 in actions seeking damages for professional negligence. Contemporaneously with their initial responsive pleading, Dr. Liss and Liss P.C. filed a motion to dismiss the complaint on the basis that the Bardos failed to file the required affidavit with the complaint. The brief in support of the motion noted that the complaint characterized the alleged negligence as both professional and ordinary negligence and sought dismissal of the entire complaint on the basis that the complaint stated a claim for professional negligence; that the required expert affidavit was not filed with the

---

complaint; and that the failure to file the affidavit cannot be cured by amendment. In response, the Bardos argued only that they had the required expert affidavit in their possession when the original complaint was filed; that they mistakenly failed to file it with the original complaint; and that they cured the failure by filing the required expert affidavit with an amendment to the complaint. The trial court entered an order granting the motion which reads in its entirety: "Defendants's Motion to Dismiss is hereby Granted."

1. The Bardos contend their complaint stated claims based on ordinary negligence and that the trial court erred by dismissing the ordinary negligence claims.

The Bardos' complaint alleged that Ms. Bardo, who was 37 weeks pregnant with a history of epilepsy, fell and injured her ankle while she attempted to step down from an examination table after being examined by Dr. Liss. The complaint alleged that, given these conditions, Dr. Liss's failure to provide assistance to Ms. Bardo as she attempted to step down from the examination table was both professional negligence and ordinary negligence. The trial court dismissed the entire complaint based on the contention in the motion to dismiss that the complaint stated a claim for professional negligence that was not accompanied by the expert affidavit required by OCGA § 9-11-9.1. Because the complaint characterized the same alleged negligence as both professional and ordinary negligence, the court necessarily found that the complaint stated claims based on professional negligence rather than ordinary negligence when it granted the motion and dismissed the entire complaint.

Although complaints against professionals may state claims based on ordinary as well as professional negligence, the complaint's characterization of claims as stating professional or ordinary negligence does not control. *Shirley v. Hosp. Auth. of Valdosta/Lowndes County*, 263 Ga. App. 408, 409-410 (587 SE2d 873) (2003). Where the professional's alleged negligence requires the exercise of professional skill and judgment to comply with a standard of conduct within the professional's area of expertise, the action states professional negligence. *Holloway v. Northside Hosp.*, 230 Ga. App. 371-372 (496 SE2d 510) (1998). But where the allegations of negligence do not involve professional skill and judgment, the action states ordinary negligence. *MCG Health v. Casey*, 269 Ga. App. 125, 128 (603 SE2d 438) (2004). Whether a complaint alleges ordinary or professional negligence is a question of law for the court. *Crisp Regional Nursing & Rehabilitation Center v. Johnson*, 258 Ga. App. 540, 542 (574 SE2d 650) (2002).

Applying these standards, we find no error in the trial court's conclusion that the complaint stated claims based on professional negligence rather than ordinary negligence. We have found that

similar allegations of medical negligence constituted professional rather than ordinary negligence because the degree of physical assistance needed by a patient to prevent a fall in light of the patient's medical condition required the exercise of expert medical judgment. *Sparks v. Southwest Community Hosp. &c.*, 195 Ga. App. 858 (395 SE2d 68) (1990); *Holloway*, 230 Ga. App. at 372; *Gen. Hosps. of · Humana v. Bentley*, 184 Ga. App. 489, 490-491 (361 SE2d 718) (1987).

2. The Bardos concede that, when they filed the complaint alleging professional negligence against Dr. Liss and Liss P.C., they failed to file the expert affidavit required by OCGA § 9-11-9.1 with the original complaint. When a complaint is filed for damages alleging professional negligence against a licensed medical doctor, OCGA § 9-11-9.1 requires that, contemporaneously with the complaint, an expert affidavit be filed setting forth at least one negligent act or omission claimed to exist and the factual basis for the claims. OCGA § 9-11-9.1 (a), (f).[1] Moreover, the Bardos no longer contend, as they did in the trial court, that they cured this failure by filing the expert affidavit with an amended complaint. Where a party fails to file the required affidavit with the original complaint, the provisions of OCGA § 9-11-9.1 do not permit the party to add the affidavit by amendment. *Fales v. Jacobs*, 263 Ga. App. 461 (588 SE2d 294) (2003); *Fisher v. Coffee Regional Med. Center*, 268 Ga. App. 657, 658-659 (602 SE2d 135) (2004).

It follows that, to the extent the Bardos' complaint alleged professional negligence against Dr. Liss, a licensed medical doctor, an expert affidavit was required to be filed with that portion of the complaint. OCGA § 9-11-9.1 (a), (f). As to the complaint's allegations of professional negligence against Liss P.C., the professional corporation for which Dr. Liss worked, we do not address whether OCGA § 9-11-9.1 required an expert affidavit with that portion of the complaint because that issue was not raised or ruled upon in the trial court and was not raised on appeal. *Lowery v. Atlanta Heart Assoc.*, 266 Ga. App. 402, 404-405 (597 SE2d 494) (2004); *Minnix v. Dept. of Transp.*, 272 Ga. 566 (533 SE2d 75) (2000). The record shows that the parties simply assumed that the affidavit requirements of OCGA § 9-11-9.1 applied to allegations of professional negligence against Liss P.C., and the trial court's order dismissing the professional negligence claims in the complaint apparently assumed the same. Accordingly, for purposes of addressing the issues presented in this appeal, we assume without deciding that the Bardos were required to file an expert affidavit pursuant to OCGA § 9-11-9.1 with the portion

---

[1] The exception in OCGA § 9-11-9.1 (b) to the requirement of a contemporaneously filed expert affidavit does not apply in this case.

of their complaint alleging professional negligence against Liss P.C. *Lowery*, 266 Ga. App. at 404.

Having failed to contemporaneously file the required OCGA § 9-11-9.1 expert affidavit with the original complaint, the Bardos do not contend that the trial court erred by dismissing their professional negligence claims. Rather, they contend the trial court should have dismissed their professional negligence claims without prejudice rather than with prejudice. Although the trial court's order granting the motion to dismiss does not specifically say so, the dismissal of the professional negligence claims against Dr. Liss and Liss P.C. for failure to file the OCGA § 9-11-9.1 affidavit with the complaint was with prejudice.

> If the required [OCGA § 9-11-9.1] affidavit is not filed with the complaint, the complaint is subject to dismissal for failure to state a claim. A dismissal for failure to state a claim is a dismissal on the merits and is with prejudice.

(Citations omitted.) *Jordan, Jones & Goulding v. Balfour Beatty Constr.*, 246 Ga. App. 93 (539 SE2d 828) (2000); *Knutsen v. Atlanta Women's Specialists &c.*, 264 Ga. App. 87, 89 (589 SE2d 588) (2003). Nevertheless, the Bardos contend that, because they had the required affidavit in their possession when they filed the original complaint and they mistakenly failed to file it with the complaint, we should remand this case and order the trial court to dismiss their professional negligence claims without prejudice to enable them to invoke the provisions of OCGA § 9-11-9.1 (e) allowing renewal of claims under OCGA § 9-2-61. Subsection (e) of OCGA § 9-11-9.1 provides that:

> If a plaintiff fails to file an affidavit as required by this Code section and the defendant raises the failure to file such an affidavit by motion to dismiss filed contemporaneously with its initial responsive pleading, such complaint shall not be subject to the renewal provisions of Code Section 9-2-61 after the expiration of the applicable period of limitation, unless a court determines that the plaintiff had the requisite affidavit within the time required by this Code section and the failure to file the affidavit was the result of a mistake.

If the Bardos had voluntarily dismissed their complaint before the trial court granted the motion to dismiss, they could have avoided the trial court's decision on the merits of their complaint and sought to invoke the provisions of OCGA § 9-11-9.1 (e) providing for renewal under OCGA § 9-2-61. *Rector v. O'Day*, 268 Ga. App. 864 (603 SE2d

337) (2004). However, the Bardos did not dismiss the complaint when they had the opportunity. When the trial court granted the motion to dismiss the complaint, this constituted a dismissal on the merits with prejudice and rendered the renewal provisions of OCGA § 9-2-61 unavailable. "The privilege of dismissal and renewal [under OCGA § 9-2-61] does not apply to cases decided on their merits. . . ." (Punctuation omitted.) *Hobbs v. Arthur*, 264 Ga. 359, 360 (444 SE2d 322) (1994); *Black v. Knight*, 231 Ga. App. 820 (499 SE2d 69) (1998); *Swartzel v. Garner*, 193 Ga. App. 267, 268 (387 SE2d 359) (1989) (OCGA § 9-2-61 applies to involuntary dismissals as well as voluntary dismissals where the merits of the case are not adjudicated). Accordingly, the Bardos are not entitled to the relief they request.

*Judgment affirmed. Ruffin, C. J., and Mikell, J., concur. Phipps, J., disqualified.*

DECIDED APRIL 6, 2005 —
RECONSIDERATION DENIED APRIL 27, 2005 — 

*Neal H. Howard, William D. James*, for appellants.
*Hatcher, Stubbs, Land, Hollis & Rothschild, Robert C. Martin, Jr., Gregory S. Ellington*, for appellees.