SKOGLUND, J.
 

 ¶ 1. Plaintiff in this wrongful-death action appeals from a trial court judgment dismissing her complaint as untimely. Plaintiff contends the trial court erred in: (1) denying her motion to amend the complaint to include a certificate of merit; (2) declining to treat the motion to amend as a petition to extend the statute of limitations; and (3) dismissing a claim for personal injuries incurred during the decedent's lifetime. We affirm.
 

 ¶ 2. As this appeal is from dismissal of a complaint, we assume all well-pled allegations to be true.
 
 Richards v. Town of Norwich
 
 ,
 
 169 Vt. 44
 
 , 48-49,
 
 726 A.2d 81
 
 , 85 (1999). On May 18, 2013, plaintiff's adult daughter died from a lethal combination of prescription and nonprescription drugs. On May 15, 2015, three days before the expiration of the two-year statute of limitation for wrongful-death actions, plaintiff filed a complaint against her daughter's treating physician and his employer alleging that the physician had negligently prescribed multiple doses of sedatives and opiates which, taken in combination, caused her death. Service of the complaint was complete on June 18, 2015.
 

 ¶ 3. In July 2015, defendants moved to dismiss the complaint for failure to file a certificate of merit, as required by statute. The statute in question provides:
 

 (a) No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after February 1, 2013, in which it is alleged that such injury or death resulted from the negligence of a health care provider,
 
 unless the attorney or party
 

 filing the action files a certificate of merit simultaneously with the
 

 filing of the complaint
 
 . In the certificate of merit, the attorney or party shall certify that he or she has consulted with a health care provider qualified pursuant to the requirements of Rule 702 of the Vermont Rules of Evidence and any other applicable standard, and that, based on the information reasonably available at the time the opinion is rendered, the health care provider has:
 

 (1) described the applicable standard of care;
 

 (2) indicated that based on reasonably available evidence, there is a reasonable likelihood that the plaintiff will be able to show that the defendant failed to meet that standard of care; and
 

 (3) indicated that there is a reasonable likelihood that the plaintiff will be able to show that the defendant's failure to meet the standard of care caused the plaintiff's injury.
 

 12 V.S.A. § 1042(a) (emphasis added). The statute provides further that "failure to file the certificate of merit as required by this section shall be grounds for dismissal of the action without prejudice, except in the rare instances in which a court determines that expert testimony is not required to establish a case for medical malpractice."
 

 Id.
 

 § 1042(e). There is also a savings clause in the statute for claims that may expire before acquiring the necessary expert opinion: "Upon petition to the clerk of the court where the civil action will be filed, an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by this section."
 

 Id.
 

 § 1042(d).
 

 ¶ 4. In their motion to dismiss, defendants asserted that plaintiff had failed to "file a certificate of merit simultaneously with the filing of the complaint," as required by § 1042(a) ; that plaintiff had not alleged that the complaint fell within the "rare" category of cases in which expert testimony is not required, under § 1042(e) ; that plaintiff could not request a "90-day extension of the statute of limitations" under § 1042(d) because the statute had already expired; and therefore, that defendants had established the requisite "grounds for dismissal" under § 1042(f).
 

 ¶ 5. In opposing the motion, plaintiff conceded that her attorney had not filed a separate certificate of merit but asserted that the "complaint itself incorporate[d]" the statutory requirements.
 
 [1]
 
 Plaintiff relied, in this regard, on the complaint's allegations that defendants had breached professional standards of care resulting in decedent's demise; that plaintiff's counsel had signed the complaint, implicitly verifying that there was evidentiary support for the allegations; and that plaintiff's counsel had already provided defendants' counsel with a copy of her expert's preliminary opinion.
 

 ¶ 6. Plaintiff also filed a motion to amend the complaint to add a certificate of merit. Plaintiff claimed an absolute right to amend under
 Vermont Rule of Civil Procedure 15(a),
 
 [2]
 
 and argued that the amendment containing the certificate should "relate back to the time of the filing of the original complaint" for purposes of compliance with the statute of limitation. Defendants opposed the motion, maintaining that the filing of a complaint without a certificate of merit was insufficient to toll the statute of limitations, and that granting the motion to amend would defeat the statutory purpose of eliminating meritless complaints before subjecting defendants to the time, expense, stigma, and anxiety of unwarranted litigation. In addition to the issues raised by the parties, the court requested briefing on whether it could "treat the motion to amend as the equivalent of a request for a 90-day extension" under the statute.
 

 ¶ 7. The trial court heard argument on the motions in November 2015 and issued a written ruling later that month. The court initially rejected plaintiff's claim that the complaint itself had effectively "incorporated" the certificate of merit requirements, observing that, even if it could be considered the equivalent of a certificate, the complaint did not describe the applicable standard of care or even allege that a qualified medical professional had been consulted. The court also ruled that the "one-page preliminary report" provided to defendants lacked the specific statutory elements required of a certificate of merit.
 

 ¶ 8. As to plaintiff's motion to amend, the court concluded that Rule 15 was inapplicable because plaintiff was not seeking to add a party or claim to the complaint that might relate back to the date of the original filing, but rather to add a certificate "entirely independent of the complaint itself." The court also agreed with defendants that routinely permitting plaintiffs to amend a complaint unsupported by the requisite certificate of merit would defeat the statute's purpose by subjecting defendants "to the burden of hiring a lawyer, filing an answer, having a publicly available court case pending against him or her, and undergoing the stress of being the subject of a lawsuit" with no assurance of its merit.
 

 ¶ 9. Nor, finally, was the court willing to consider the motion to amend as the equivalent of a ninety-day extension request under § 1042(d) because the statute plainly required that the request be filed
 
 before
 
 filing the complaint, not after. This was evident, the court reasoned, from the plain language of the statute, which requires that the ninety-day extension request be filed with the clerk of the court "where the civil action
 
 will
 
 be filed." 12 V.S.A. § 1042(d) (emphasis added). In short, the court concluded that, although the Legislature could have provided otherwise as other states had done, our statute plainly required the filing of a certificate of merit "simultaneously" with the filing of a complaint; that plaintiff failed to comply with this requirement; and that dismissal was therefore warranted. Because the statute of limitations had expired, the court dismissed the complaint with prejudice and entered judgment for defendants.
 

 ¶ 10. Plaintiff subsequently moved for reconsideration, raising an additional argument. Plaintiff claimed that a certificate of merit was not required in this case because her complaint included a "survival action" for personal injuries suffered by the decedent
 
 before
 
 the statutory start
 date of February 1, 2013. See
 

 id.
 

 § 1042(a) (requiring simultaneous filing of certificate of merit with complaint in any medical malpractice action "to recover damages resulting from personal injury or wrongful death
 
 occurring on or after February 1, 2013
 
 " (emphasis added)). The trial court denied the motion, finding that "[t]he only harm alleged in the complaint is the death," and that "there are no allegations of injury prior to that date." This appeal followed.
 

 ¶ 11. Plaintiff first renews her belated claim that a certificate of merit was not required because the complaint sought recovery for injuries suffered by the decedent before February 1, 2013.
 
 [3]
 
 The trial court correctly rejected the argument. As noted, plaintiff's complaint alleged, in relevant part, that decedent "was drugged to death" as a result of defendants' negligence "in prescribing large quantities of both sedatives and opiates" and other drugs. Under the caption "Legal Claims," the complaint alleged:
 

 33. As a direct and proximate consequence of [defendant's] negligence, the Decedent died.
 

 34. The Decedent and her Estate have suffered damages as a result.
 

 35. The institution of this action by the Plaintiff against Defendants ...
 
 is for the purpose of recovering all the damages
 

 available to the heirs of Plaintiff's Decedent resulting from her death
 

 pursuant to 14 V.S.A. § 1492
 
 .
 

 (Emphasis added.) Title 14, § 1492 codifies the right of action by a decedent's estate to recover for the wrongful death of the decedent.
 

 ¶ 12. As these allegations make clear, the only injury alleged in the complaint was the decedent's death, which occurred after the operative date of the certificate-of-merit requirement, and the only basis for recovery alleged was the wrongful death statute. Although plaintiff asserts that her general claim to have "suffered damages" somehow "stated a claim for personal injuries," the context shows unmistakably that the only harm alleged was the decedent's death. Plaintiff also cites an allegation in the complaint's recitation of facts to the effect that decedent "had a history of addiction to prescription drugs and an accidental overdose requiring hospitalization in May 2012." There was no allegation, however, that this overdose was caused by defendants' negligence or suggestion anywhere in the complaint that plaintiff was seeking recovery for any resulting personal injuries suffered by decedent. Even applying the "exceedingly low threshold" for withstanding a motion to dismiss,
 
 Prive v. Vt. As
 

 b
 

 estos Grp.
 
 ,
 
 2010 VT 2
 
 , ¶ 14,
 
 187 Vt. 280
 
 ,
 
 992 A.2d 1035
 
 (quotation omitted), nothing in this factual allegation would support a reasonable inference or provide the requisite "fair notice" that plaintiff was seeking to recover for personal injuries incurred prior to February 1, 2013.
 
 Id.
 
 ¶ 15 (quotation omitted).
 
 [4]
 

 ¶ 13. Plaintiff next contends the trial court erred in failing to grant her motion to amend the complaint to add a certificate of merit. The claim turns on the meaning of the certificate-of-merit statute. Our task, therefore, is to ascertain and implement the legislative intent. See
 
 Tarrant
 

 v. Dep't of Taxes
 
 ,
 
 169 Vt. 189
 
 , 197,
 
 733 A.2d 733
 
 , 739 (1999) ("When interpreting a statute, our principal goal is to effectuate the intent of the Legislature."). In determining that intent, our principal source, at least initially, must be the language of the statute itself. "Initially, in our attempts to ascertain legislative intent we look for guidance in the plain meaning of the words used. If legislative intent is clear, the statute must be enforced according to its terms without resorting to statutory construction."
 

 Id.
 

 If the terms are ambiguous, however, intent may be inferred "through consideration of the entire statute, including its subject matter, effects and consequences, as well as the reason and spirit of the law."
 

 Id.
 

 ¶ 14. As noted, the trial court denied the motion on essentially two grounds. First, it concluded that Rule 15 was simply "inapplicable" because plaintiff was not, strictly speaking, attempting to amend the complaint but to add a certificate of merit, a "separate document ... entirely independent of the complaint itself." Although the certificate of merit certainly represents a separate and distinct statutory requirement, we are not persuaded that it is so "entirely independent of the complaint" itself that it is not subject to amendment in limited circumstances.
 
 [5]
 
 The certificate-of-merit statute is not unique in requiring attachment of a separate document to a complaint. See, e.g., 12 V.S.A. § 4852 (providing that, in action for ejectment, "[a] copy of the rental agreement, if any, and any notice to terminate the defendant's tenancy shall be attached to the complaint"); V.R.C.P. 80.1(b)(1) (providing that, in foreclosure proceedings, "[t]he plaintiff shall attach to the complaint copies of the original note and mortgage deed and proof of ownership thereof, including copies of all original endorsements and assignments of the note and mortgage deed").
 

 ¶ 15. Attachments of this nature, which are expressly required by statute and thus essential to the underlying cause of action, may therefore be considered an integral part of the complaint itself and effectively merged into the pleading. Indeed, we have held that, in certain circumstances, we may consider exhibits referenced in the complaint and "attached to the complaint."
 
 Wilbur v. Univ. of Vt.
 
 ,
 
 129 Vt. 33
 
 , 42,
 
 270 A.2d 889
 
 , 895 (1970). Moreover, in determining the sufficiency of a complaint, we may consider the "facts, reasonable factual inferences, and legal bases for recovery alleged in the complaint,
 
 attachments thereto
 
 , or ... matters the court may judicially notice."
 
 Gilman v. Maine Mut. Fire Ins. Co.
 
 ,
 
 2003 VT 55
 
 , ¶ 20,
 
 175 Vt. 554
 
 ,
 
 830 A.2d 71
 
 (mem.) (emphasis added); see also
 
 Roth v. Jennings
 
 ,
 
 489 F.3d 499
 
 , 509 (2d Cir. 2007) (observing that, in certain circumstances, "[d]ocuments that are attached to the complaint or incorporated in it by reference are
 deemed part of the pleading and may be considered."). Accordingly, we conclude that where, as here, a document is required by statute to be attached to the complaint and forms an essential predicate to the underlying action, it may be considered a part of the complaint for purposes of amendment.
 

 ¶ 16. Apart from this procedural issue, however, the question remains whether-consistent with the legislative intent-a medical malpractice complaint may be amended to supply a certificate of merit wholly omitted when the complaint was filed. As noted, the statute requires the filing of a certificate of merit "simultaneously with the filing of the complaint." 12 V.S.A. § 1042(a). That much is plain. The statute says nothing directly, however, about the possibility of later amending the complaint to add the required certificate. Nevertheless, we agree with defendants that permitting such an amendment would be fundamentally inconsistent with the statutory purpose.
 

 ¶ 17. That purpose may be gleaned, in substantial part, from the documented legislative history. The certificate-of-merit statute was part of a broader legislative reform effort aimed at medical-malpractice litigation in Vermont. The process began, as relevant here, in 2011, when the Legislature charged the Governor's Secretary of Administration with the task of submitting to the appropriate legislative committees "a proposal for potential improvement or reforms to the medical malpractice system for Vermont." 2011, No. 48, § 2(a)(7). The result was a report submitted to the Legislature in January 2012, entitled "Medical Malpractice Reforms: Report and Proposal of the Secretary of Administration Pursuant to Act No. 48."
 

 ¶ 18. The report explained that research had found that the principal concern expressed by health care providers was the burden of being the subject of a meritless lawsuit, and that "eventual dismissal" was an "inadequate remedy" for the associated professional and personal costs. The report noted that many states had passed laws requiring either certificates or affidavits of merit "to screen out meritless claims at the outset" by requiring prior consultation with a qualified expert. The report recommended, accordingly, specific legislation-set forth in an appendix-to require a certificate of merit containing each of the requirements that was ultimately enacted in 12 V.S.A. § 1042(a). The report called specifically for the filing of the certificate "simultaneous with filing a malpractice claim, rather than after, so that the 'screening' of unsupported claims occurs before a plaintiff actually files a case against a physician."
 

 ¶ 19. About two years after the enactment of 12 V.S.A. § 1042, the Agency of Administration submitted a follow-up report to the Legislature "to assess the impact these medical liability laws have had on the state of medical malpractice in Vermont." The report observed that Vermont was now one of twenty-two states with a certificate-of-merit requirement, although it also recognized that there was substantial "variation between states in the timing of filing the certificate of merit." Although some states, including Vermont, had opted to require the filing of a certificate of merit "at the same time as the complaint," others had chosen to be "more lenient on the timeframe for submission of this document." The report cited New Jersey, which requires that plaintiffs file an affidavit of merit within sixty days after the defendant's answer, and authorizes the court to grant an additional sixty days for good cause. While acknowledging that data on the statute's impact in Vermont were relatively scarce in view of its recent enactment, the report found that lawyers generally
 did not find the certificate-of-merit requirement to be an added burden to what normally would be done in preparation for the filing of a medical malpractice action.
 

 ¶ 20. As the foregoing background demonstrates, the Legislature enacted the certificate-of-merit statute with a clear understanding that the purpose of the simultaneous-filing requirement was to ensure that claims against health care providers had been adequately investigated and determined to have merit by a qualified expert before they were filed. Plaintiff's "file first, review later, and amend as necessary" argument utterly defeats that purpose. Indeed, as the Agency of Administration report explained, the Legislature had other, more "lenient" statutory models to choose from that allowed a later-filed certificate but had plainly chosen the more stringent option. While it is thus tempting for this or any court to apply its own rules allowing the liberal amendment of complaints, it is essential to resist that approach where, as here, it would undermine a clear and specific legislative mandate.
 

 ¶ 21. We do not reach this conclusion, moreover, in a legal vacuum. Other states, as noted, have enacted similar statutes and addressed similar claims. Michigan, for example, provides that a plaintiff in a medical malpractice action "shall file with the complaint an affidavit of merit" certifying that a qualified health professional has reviewed the allegations and specifying the applicable standard of care, how it was breached, and the manner in which the breach proximately caused the injury.
 
 Mich. Comp. Laws Ann. § 600
 
 .2912d. In
 
 Scarsella v. Pollak
 
 ,
 
 461 Mich. 547
 
 ,
 
 607 N.W.2d 711
 
 (2000), the Michigan Supreme Court considered the meaning and effect of the statute based on a set of facts and claims that closely parallel those here. As here, the plaintiff in
 
 Scarsella
 
 filed a medical malpractice complaint shortly before the expiration of the statute of limitations without the required affidavit of merit. Several months later, the defendant moved to dismiss, and-as here-the plaintiff responded by seeking to amend the complaint to append an untimely affidavit of merit, asserting that the amendment should relate back to the original filing.
 

 Id.
 

 at 712-13
 
 . The trial court denied the motion to amend and dismissed the complaint with prejudice.
 

 Id.
 

 at 712
 
 .
 

 ¶ 22. Michigan's high court affirmed. The court concluded that filing an affidavit of merit together with the complaint was mandatory; that "the mere tendering of a complaint without the required affidavit of merit [was] insufficient to commence the lawsuit"; and hence that the complaint alone "did not toll the period of limitation" for relation-back purposes.
 

 Id.
 

 at 713
 
 . To conclude otherwise, the court concluded, would "effectively repeal[ ] the statutory affidavit of merit requirement."
 

 Id.
 

 As the court explained, if plaintiffs were permitted to "routinely file their complaints without an affidavit" and "supplement[ ] the filing with an affidavit at some later date" as the plaintiff there advocated, it would "completely subvert[ ]" the statute and the "legislative remedy" provided.
 

 Id.
 

 Accordingly, the court held that the complaint was time-barred, and properly dismissed with prejudice.
 
 [6]
 

 Another decision instructive for our analysis here is
 
 Thigpen v. Ngo
 
 ,
 
 355 N.C. 198
 
 ,
 
 558 S.E.2d 162
 
 (2002). There, as here, the plaintiff filed a medical malpractice complaint just before the statute of limitations expired without the required certification that the case had been reviewed by a qualified expert willing to testify that the care provided did not comply with professional standards.
 
 [7]
 
 The plaintiff subsequently filed an amended complaint that included the certification, and the defendants moved to dismiss. The trial court granted the motion, and the North Carolina Supreme Court affirmed. As the court explained, the legislature's purpose in enacting the statute was "to provide a more specialized and stringent procedure for plaintiffs in medical malpractice claims through [the] requirement of expert certification prior to the filing of a complaint," and thus allowing an amendment to add a certification after the complaint was filed "would conflict directly with the clear intent of the legislature."
 

 Id.
 

 at 166 ; see also
 
 Keith v. N. Hosp. Dist. of Surry Cty.
 
 ,
 
 129 N.C.App. 402
 
 ,
 
 499 S.E.2d 200
 
 , 202 (1998) (rejecting plaintiff's assertion that failure to file certificate could "be corrected by subsequently amending the complaint, pursuant to Rule 15(a), by adding the ... certification and having that amendment relate back" because it "would defeat the objective of [the requirement] which ... seeks to avoid the
 
 filing
 
 of frivolous medical malpractice claims").
 

 ¶ 24. Other states have reached similar conclusions. See, e.g.,
 
 Fales v. Jacobs
 
 ,
 
 263 Ga.App. 461
 
 ,
 
 588 S.E.2d 294
 
 , 294-95 (2003) (holding that statute requiring that malpractice plaintiff "file with the complaint an affidavit of an expert" did not permit later-filed amendment to supply missing affidavit because "[a] contrary holding would impermissibly gut the contemporaneous filing requirement");
 
 Mahoney v. Doerhoff Surgical Servs., Inc.
 
 ,
 
 807 S.W.2d 503
 
 , 507 (Mo. 1991) (upholding validity of statute providing court may dismiss medical malpractice complaint filed without requisite affidavit of merit as reasonable means to "protect the public and litigants from the cost of ungrounded medical malpractice claims");
 
 Borger v. Eighth Jud. Dist. Ct.
 
 ,
 
 120 Nev. 1021
 
 ,
 
 102 P.3d 600
 
 , 606 (2004) (holding that "dismissal, without leave to amend, for complete failure to attach an [expert] affidavit to the complaint" was "consistent with the underlying purpose of the measure ... to ensure that such actions be brought in good faith based upon competent expert opinion").
 

 ¶ 25. Plaintiff notes that the statutes at issue in North Carolina and Nevada provide that a complaint filed without the required certificate of merit "shall" be dismissed while 12 V.S.A. § 1042(e) in contrast provides that "[t]he failure to file the certificate of merit as required by this section shall be grounds for dismissal."
 
 [8]
 
 While the phrase "grounds for dismissal" does suggest that dismissal is not required in
 
 every
 
 case where the certificate of merit does not comport with the requirements of the statute, we do not read it to authorize a later-filed amendment to supply a certificate of merit otherwise
 
 entirely omitted
 
 from the original complaint. As discussed, the overarching purpose of the statute is to protect defendants from the burden of defending medical malpractice claims lacking in expert support. Dismissal of a complaint filed without the requisite certificate of merit attesting to such support is essential to effectuate that purpose.
 

 ¶ 26. There may, however, be cases where a court could reasonably determine that a plaintiff's failure to file a conforming certificate of merit does not establish "grounds for dismissal" under 12 V.S.A. § 1042(e). Such a case might arise, for example, where the plaintiff files a timely certificate of merit that nevertheless fails in some particular to meet the statutory requirements, and where allowing an amendment to correct the deficiency-rather than ordering dismissal-would not undermine the legislative purpose. The court in
 
 Scarsella
 
 anticipated precisely this situation, cautioning that it was concerned "only [with] the situation in which a medical malpractice plaintiff
 
 wholly omits
 
 to file the affidavit required" by statute and that its holding did not necessarily "extend to a situation in which a court ... determines that a timely filed affidavit is ... defective" in some technical sense.
 
 607 N.W.2d at 715
 
 (emphasis added); see
 
 Watts v.
 

 Canady
 
 ,
 
 253 Mich.App. 468
 
 ,
 
 655 N.W.2d 784
 
 , 786 (2003) (affirming denial of motion to dismiss complaint where counsel filed affidavit of merit under reasonable but mistaken belief that expert was specifically qualified in defendant's area of expertise to render opinion); cf.
 
 Mouradian v.
 

 Goldberg
 
 ,
 
 256 Mich.App. 566
 
 ,
 
 664 N.W.2d 805
 
 , 810 (2003) (affirming dismissal of medical malpractice complaint where affidavit of merit failed to address professional standards of care and was so "grossly nonconforming" from statute that it was ineffective to toll statute of limitations)
 
 [9]
 
 ; see also
 
 Apa v. Rotman
 
 ,
 
 288 Ill.App.3d 585
 
 ,
 
 223 Ill.Dec. 851
 
 ,
 
 680 N.E.2d 801
 
 , 804 (1997) (observing that, "where a minor technical error is involved, permitting a plaintiff to amend [the expert affidavit] more closely furthers the purpose of [the statute] than dismissing with prejudice");
 
 Borger,
 

 102 P.3d at 606
 
 (distinguishing failure to file affidavit from disputes over whether "a filed affidavit of merit complies with the statute" and holding that courts "may grant leave to amend ... disputed affidavits").
 

 ¶ 27. Finally, plaintiff asserts that even if she could not amend the complaint to supply the missing certificate of merit, the trial court should have treated the motion to amend as the equivalent of a request for a ninety-day extension of the statute of limitations under § 1042(d). As noted, that section provides that, "[u]pon petition to the clerk of the court where the civil action will be filed, an automatic 90-day extension of the statute of limitations shall be granted to allow the reasonable inquiry required by this section." The trial court correctly concluded, however, that the phrase "where the civil action
 
 will be filed
 
 " plainly requires that an extension-request
 
 precede
 
 the filing of the complaint. This is consistent with the legislative purpose of requiring that plaintiffs conduct their investigation and obtain the requisite expert opinion before subjecting defendants to the burdens of litigation. We
 would add, moreover, that even if § 1042(d) could be construed to authorize an extension-request after the filing of a complaint, the trial court here could not have granted a ninety-day extension of a statute of limitation that had already expired when the motion to amend was filed. Accordingly, we find no error, and no basis to disturb the judgment.
 
 [10]
 

 Affirmed
 
 .
 

 The trial court found that plaintiff's counsel "candidly admitted ... that he did not file such a certificate because he was unaware of the statute." Plaintiff does not dispute this finding.
 

 The rule in part provides: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served." V.R.C.P. 15(a).
 

 Plaintiff has not renewed her claim that either the complaint itself or the preliminary report supplied to defendants before the complaint was filed satisfied the certificate-of-merit requirement.
 

 The dissent maintains that, liberally construed, the complaint stated a survival action "for the recovery of damages for a bodily hurt or injury" suffered by the decedent during her lifetime, as provided by 14 V.S.A. §§ 1451 -1452. As noted, however, the complaint
 
 expressly
 
 confined itself to stating a claim for "damages available to the heirs of ... Decedent resulting from her death pursuant to 14 V.S.A. § 1492," which codifies the right to recover for wrongful death. Moreover, the complaint does not state or imply that it is seeking damages for bodily injury or pain and suffering experienced by the decedent during her lifetime, which is precisely what the survival statute was designed to provide. See
 
 Legg v. Britton
 
 ,
 
 64 Vt. 652
 
 , 656-57,
 
 24 A. 1016
 
 , 1017 (1892) (explaining genesis of Vermont's survival statute, derived from "Lord Campbell's Act," which allows estate to recover such damages for medical expenses, "loss of service, and compensation for pain and suffering" that person injured could have recovered if he or she had survived); cf.
 
 Leo
 

 v. Hillman
 
 ,
 
 164 Vt. 94
 
 , 97,
 
 665 A.2d 572
 
 , 574 (1995) (noting that administrator of decedent had brought action for "wrongful death ... and a survival action for pain and suffering").
 

 See the discussion,
 
 infra
 
 , ¶¶25-26.
 

 Of course, if the statute of limitations had not yet expired, the court explained that nothing would prevent the plaintiff-after dismissal-from refiling the complaint with the required affidavit.
 
 Scarsella
 
 ,
 
 607 N.W.2d at 714
 
 . As the Michigan court in a subsequent decision explained: "When the untolled period of limitations expires before the plaintiff files a complaint accompanied by an [affidavit of merit], the case must be dismissed with prejudice on statute-of-limitations grounds. Dismissal without prejudice is proper, however, if the untolled limitations period has not yet expired."
 
 Ligons v. Crittenton Hosp.
 
 ,
 
 490 Mich. 61
 
 ,
 
 803 N.W.2d 271
 
 , 279 (2011).
 

 Prior to filing the complaint, the plaintiff had actually applied for, and been granted, a 120-day extension of the limitations period under a statutory provision similar to 12 V.S.A. § 1042(d), which authorizes a ninety-day extension.
 
 Thigpen
 
 ,
 
 558 S.E.2d at 163-64
 
 .
 

 See
 
 Thigpen
 
 ,
 
 558 S.E.2d at 165
 
 (statute provides that complaint lacking certificate of merit "shall be dismissed");
 
 Borger
 
 ,
 
 102 P.3d at 604
 
 (where plaintiff fails to file expert affidavit, court "shall dismiss the action").
 

 The Michigan Supreme Court later held that a health care expert's affidavit of merit could not be considered a "pleading" under the state's "restrictive" statutory definition of the term and therefore that a deficient affidavit could not be amended under the procedural rule permitting amendment of pleadings.
 
 Crittenton Hosp.
 
 ,
 
 803 N.W.2d at 283-84
 
 . As discussed earlier, however, we do not read § 1042 to require that we treat the certificate of merit as entirely distinct from the complaint itself.
 

 We note that the trial court's judgment of dismissal "
 
 with
 
 prejudice" was technically not authorized under the statute providing that failure to file the requisite certificate of merit "shall be grounds for dismissal of the action
 
 without
 
 prejudice." 12 V.S.A. § 1042(e) (emphasis added). Any error, however, was simply one of form; the statute of limitations had already expired, so even if the trial court had dismissed without prejudice and plaintiff had refiled the complaint, it would have been subsequently dismissed with prejudice as time-barred. See
 
 White v. Tariq
 
 ,
 
 299 S.W.3d 1
 
 , 5 (Mo. Ct. App. 2009) (acknowledging that dismissal "without prejudice" for failure to file certificate of merit, while technically in compliance with statute, essentially "amounts to a dismissal with prejudice" where any new complaint would otherwise be barred by statute of limitation (quotation omitted)).