*Couture v. Holt*, No. 282-3-17 Cncv (Mello, J., Oct. 27, 2017).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| DARREN COUTURE,<br>  Plaintiff<br><br>v.<br><br>DR. JOHN HOLT,<br>  Defendant | Docket No. 282-3-17 Cncv |

RULING ON DEFENDANT'S MOTION TO DISMISS

Plaintiff Darren Couture brings this medical malpractice action against Dr. John Holt, a forensic psychologist who rendered an opinion for Couture in connection with a parole revocation proceeding. Couture claims that Holt improperly: (1) offered an opinion despite having no personal contact with Couture, and (2) provided an overview of Couture's case to the Department of Corrections in the process of formulating his opinion without permission from Couture or his counsel at the time. Couture claims that Holt's actions resulted in increased incarceration time. Holt moves to dismiss on the grounds that Couture failed to submit a certificate of merit as required by 12 V.S.A. § 1042, and that Couture has further failed to allege proximate causation. Couture is pro se. Kaveh S. Shahi, Esq. represents Holt.

Facts

On March 20, 2014, Couture was returned to prison after spending a period of time in the community on parole when a parole officer alleged that he had committed a violation of "threatening behavior." At an April 1, 2014 parole hearing, it was determined that the evidence presented to the board was sufficient to revoke his parole status in the community.

Couture's attorney at the time, Emily Trudeau, requested Dr. Holt to perform a psychological assessment. The understanding was that they would use his assessment only if favorable to Couture. However, at no time did Couture meet with Holt. Instead, Couture met with Holt's colleague, Dr. Marini. Holt wrote a letter dated May 1, 2014 to Attorney Trudeau:

> In response to your request regarding Mr. Couture's treatment needs, it is my opinion that he would benefit from domestic violence counseling and Dialectical Behavior

Therapy (DBT). I provided an overview of this case to Kim Bushey, Program Director for the Department of Corrections (DOC). She informed me that at this time the DOC is not providing DBT within the prison system. In addition, domestic violence programming is currently limited, as the delivery system is in transition.

Holt Letter to Trudeau (attached to Compl.). Trudeau informed Couture that Holt's assessment was not favorable. Trudeau worked out the best deal she could with the parole board by dismissing the charges in exchange for a non-association violation. However, the DOC decided not to release Couture until another assessment, and despite a favorable second assessment, it "[d]ecided to stick with Dr. Holt's unprofessional opinion." Compl. at 5.

Couture alleges it was unprofessional conduct for Dr. Holt to "[g]ive an opinion concerning an assessment that he never took part in," id. at 2, and similarly that it is "unprofessional, unethical for Dr. Holt to offer and give an opinion based off another [doctor's] assessment that was never completed in the first place." Id. at 3. He further alleges that Dr. Holt violated his "right to privacy" by contacting the DOC program director without authorization to do so. Id.

Discussion

A plaintiff in a medical malpractice action must file a "certificate of merit" simultaneously with the complaint in accordance with the statutory requirement. The statute in question provides:

> No civil action shall be filed to recover damages resulting from personal injury or wrongful death occurring on or after February 1, 2013, in which it is alleged that such injury or death resulted from the negligence of a health care provider, unless the attorney or party filing the action files a certificate of merit simultaneously with the filing of the complaint. In the certificate of merit, the attorney or plaintiff shall certify that he or she has consulted with a health care provider qualified pursuant to the requirements of Rule 702 of the Vermont Rules of Evidence and any other applicable standard, and that, based on the information reasonably available at the time the opinion is rendered, the health care provider has:
>
> (1) described the applicable standard of care;
>
> (2) indicated that based on reasonably available evidence, there is a reasonable likelihood that the plaintiff will be able to show that the defendant failed to meet that standard of care; and

2

(3) indicated that there is a reasonable likelihood that the plaintiff will be able to show that the defendant's failure to meet the standard of care caused the plaintiff's injury.

12 V.S.A. § 1042(a). The statute goes on to state that "[t]he failure to file the certificate of merit as required by this section shall be grounds for dismissal of the action without prejudice, except in the rare instances in which a court determines that expert testimony is not required to establish a case for medical malpractice." Id. § 1042(e). A recent Supreme Court decision clarified that dismissal of a medical malpractice action is required where the certificate of merit was "wholly omitted" when the complaint was filed. McClellan v. Haddock, 2017 VT 13, ¶¶ 16, 25 (Mar. 3, 2017).

Couture filed a document titled "Certificate of Merit" with his complaint. In that document, Couture does not certify that he consulted with a health care provider. Instead, he argues that the court should apply an exception to the requirement in this case, for two reasons: (1) despite good faith attempts to comply with 12 V.S.A. § 1042, he has been unable to do so because of his incarceration; and (2) this is one of the "rare instances in which a court determines that expert testimony is not required to establish a case for medical malpractice." Id. § 1042(e).

The court rejects Couture's first basis for an exception. There is no "good faith attempt" exception to the certificate of merit requirement. Has the legislature intended for such an exception, it could easily have so provided in the statute. It did not do so. Couture's status as an inmate and his good faith attempts to consult with an expert do not exempt him from the statutory requirement.

Couture's second grounds for an exception is, of course, explicitly included in the statute. But that exception clearly does not apply with respect to Couture's first factual basis for his complaint, that Dr. Holt offered an opinion despite having no personal contact with Couture. The court cannot say that expert testimony is unnecessary to establish that this was a breach of the duty of care. Without expert testimony from a forensic psychologist, a lay person cannot conclude that offering an opinion based on consultations with colleagues who have personally examined the patient is wrong. Nothing suggests that this practice is improper. While Couture was allegedly told by Dr. Marini that Dr. Holt would also meet with him at least once, which did not happen, that does not establish a breach of a medical standard of care. Moreover, the "Evaluation Services Consent Form" signed by Couture on April 11, 2014 states: "I understand that Dr. Holt will consult with his colleagues at Vermont Forensic Assessment, PLLC in writing this formal report." (attached to Compl.). The certificate of merit is also required for the element of causation. Here, Couture would need to show that a personal meeting between him and Dr. Holt would have changed Dr. Holt's opinion. That, also, is a matter that a lay person cannot decide without the aid of expert testimony.

Couture's second claim is that Dr. Holt without permission provided an overview of Couture's case to the Department of Corrections, when he was authorized to communicate only with Couture's counsel. The certificate of merit requirement does not

3

apply to this claim because it is not truly a claim for medical malpractice.[1] It is more accurately construed as a claim for either invasion of privacy, or breach of the psychotherapist-patient confidential relationship (also referred to as "breach of confidence"). *See* Annotation, <u>Physician's Tort Liability for Unauthorized Disclosure of Confidential Information About Patient</u>, 48 A.L.R.4th 668 (originally published in 1986) (observing that courts have recognized either invasion of privacy or breach of confidence claims for this factual scenario); Annotation, <u>Cause of Action Against Physician or Other Health Care Practitioner for Wrongful Disclosure of Confidential Patient Information</u>, 24 Causes of Action 503 (originally published in 1991) (Oct. 2017 update) (elements of claim that health care practitioner breached fiduciary duty of confidentiality include: (1) that defendant owed plaintiff a duty of confidentiality, (2) that defendant breached that duty by disclosing confidential patient information about plaintiff, and (3) that plaintiff sustained injury as a result of the disclosure); Alan B. Vickery, <u>Breach of Confidence: An Emerging Tort</u>, 82 Colum. L. Rev. 1426 (1982) (concluding that the basis for imposing liability for the tort of "breach of confidence" should be "disclosure of information revealed in the course of a nonpersonal relationship of a sort customarily understood to carry an obligation of confidentiality").

While it appears that Vermont has yet not expressly recognized such a breach of confidentiality claim, numerous other states have. *See*, *e.g.*, <u>Humphers v. First Interstate Bank of Oregon</u>, 298 Or. 706, 717–22 (1985) (recognizing breach of confidentiality cause of action brought by mother against physician who delivered her baby given up for adoption shortly after birth, and who had subsequently revealed mother's identity to daughter); <u>MacDonald v. Clinger</u>, 446 N.Y.S.2d 801, 804–05 (N.Y. App. Div. 1982) (cause of action by patient against psychiatrist for disclosing confidential information to patient's wife); *see also* <u>Sorensen v. Barbuto</u>, 2008 UT 8, ¶ 17, 177 P.3d 614 (distinguishing physician's duty of confidentiality from physician-patient testimonial privilege and recognizing a "healthcare fiduciary duty of confidentiality") (cited in passing in <u>Kuligoski v. Brattleboro Retreat</u>, 2016 VT 54A, ¶ 60 n.11).

Additionally, some other courts have alternatively construed this type of claim as one for invasion of privacy. See, e.g., <u>Com. v. Brandwein</u>, 435 Mass. 623, 630, 760 N.E.2d 724, 729 (2002) ("Disclosure of confidential medical information, in violation of that professional duty, can constitute an actionable tort, or an invasion of privacy . . . ."); <u>Logan v. D.C.</u>, 447 F. Supp. 1328, 1336 (D.D.C. 1978) (applying District of Columbia Law); *see generally* Restatement (Second) of Torts § 652D (1977) ("Publicity Given to Private Life"). So far as this court can discern, the Vermont Supreme Court has not had the opportunity to do so. But it has recognized the invasion of privacy cause of action on numerous occasions. *See*, *e.g.*, <u>Weinstein v. Leonard</u>, 2015 VT 136, ¶ 29, 200 Vt. 615 (to establish invasion of privacy, plaintiff must prove "intentional [and substantial] interference with [his] interest in solitude or seclusion, either as to [his] person or as to [his] private affairs or concerns, of a kind that would be highly offensive to a reasonable [person]" (citing <u>Hodgdon v. Mt. Mansfield Co.</u>, 160 Vt. 150, 162 (1992); Restatement (Second) of Torts

---

[1] Even assuming it were properly construed as a medical malpractice claim, a layperson could easily determine that unnecessarily disclosing confidential patient information without permission breaches a duty of care, without the aid of an expert witness.

§ 652B); <u>Pion v. Bean</u>, 2003 VT 79, ¶ 35, 176 Vt. 1; <u>Shahi v. Madden</u>, 2008 VT 25, ¶¶ 23–24, 183 Vt. 320.

It is not apparent from the complaint or the documents relied on therein why Dr. Holt gave an "overview" of Couture's case to DOC. He might have done so in the course of gathering information, but the "overview" was not necessary to obtain the information he sought. He could easily have asked if certain domestic abuse programming was available, without revealing the identity of the particular inmate who he thought needed that programming. On the face of the complaint and the related documents, Couture appears to have stated a claim for some cause of action that the Supreme Court is likely to recognize, whether it be breach of confidentiality or invasion of privacy. As the Court has noted, the goal in deciding a motion to dismiss is to "strike a fair balance, at the early stages of litigation, between encouraging valid, but as yet underdeveloped causes of action and discouraging baseless or legally insufficient ones." <u>Colby v. Umbrella, Inc.</u>, 2008 VT 20, ¶ 13, 184 Vt. 1. Indeed, trial court are especially cautious "'when the asserted theory of liability is novel or extreme,' as such cases 'should be explored in the light of facts as developed by the evidence, and, generally, not dismissed before trial because of the mere novelty of the allegations.'" <u>Alger v. Dep't of Labor & Indus.</u>, 2006 VT 115, ¶ 12, 181 Vt. 309 (quoting <u>Ass'n of Haystack Prop. Owners, Inc. v. Sprague</u>, 145 Vt. 443, 447 (1985)).

Holt further contends that Couture did not adequately allege proximate causation. He argues that the complaint itself directly forecloses causation because Couture waived the final parole revocation hearing by agreeing to a settlement. However, the allegation is that Couture agreed to that settlement thinking that he would be released immediately, but that he was never released because DOC used Dr. Holt's improperly disclosed opinion to keep him incarcerated. This allegation is sufficient to survive the motion to dismiss stage.

Order

Defendant's motion to dismiss is granted in part and denied in part. The claim that Dr. Holt improperly offered an opinion despite having no personal contact with Couture is dismissed. However, the motion to dismiss is denied with respect to the claim that Dr. Holt breached a duty of confidentiality by disclosing his opinion about Couture's programming needs to DOC without permission.

All discovery shall be completed by February 1, 2018. Any motions for summary judgment shall be filed by March 1, 2018.

SO ORDERED this 27th day of October, 2017.

_____
Robert A. Mello
Superior Court Judge